## UFFORD v. WILKINS.

**Conveyance: QUANTITY MUST YIELD TO DESCRIPTION.** The quantity of land mentioned in a deed as being the number of acres conveyed, must be governed by and yield to the boundaries contained in the description; and if inconsistent with the actual area of the premises as thus ascertained, it will be rejected.

*Appeal from Buchanan Circuit Court.*

MONDAY, DECEMBER 18.

THE appellee, Ufford, sued Wilkins, the appellant, to recover damages for an alleged unlawful removal by appellant of a fence, claimed by plaintiff to be on his land. The cause was tried to a jury; verdict for plaintiff, and defendant appeals. The further necessary facts appear in the opinion.

*W. G. & J. B. Donnan* and *Crane & Rood* for the appellant.

*J. S. Woodward & O. Miller* for the appellee.

MILLER, J. — The evidence shows that on the 19th day of February, 1859, Freeman Reynolds and wife conveyed, by deed of general warranty, to Oliver W. Ellsworth, "the south-west quarter of the north-west quarter of section thirty, in township eighty-nine north, of range ten

west, in Buchanan county, Iowa." Also one-half the fence on the south-east quarter of the same quarter section, which latter tract then belonged to the grantor. The tract conveyed, being on the western boundary of the township, was fractional, containing forty-four acres. The deed, however, recited the land conveyed as " being forty acres."

This land was subsequently, on the 25th day of March, 1864, conveyed by the same description (except that no mention was made in the deed of the number of acres) by Ellsworth and wife to the appellant Wilkins; and at the time this controversy arose Wilkins was in actual possession of the land thus conveyed.

The evidence further shows that Freeman Reynolds and wife, grantors of defendant's grantor, executed a deed to the plaintiff for the south-east quarter of the north-west quarter of section thirty, in township eighty-nine north, of range ten west; being the forty-acre tract adjoining the tract conveyed to the defendant on the east. This conveyance was on the 7th of October, 1867. On the same day, Reynolds and wife made to plaintiff another deed, purporting to convey to him " the fractional part of the south-west of the north-west of the same section," being " all of the fractional forty-four acres, except what had been deeded to O. W. Ellsworth," by the same grantors.

It appears that Reynolds and wife supposed they had conveyed but forty acres of the tract described to Ellsworth; and by this deed to the plaintiff they attempted to convey the excess over forty acres to him. It seems also to have been supposed that this excess lay on the east side of the tract conveyed to Ellsworth, and contiguous to that conveyed to plaintiff.

No question of notice is involved. The case turns upon the construction of the deed from Reynolds and wife to Ellsworth, whether the conveyance by the former to the latter of the land, describing it by its congressional subdivision, passed the title to the whole tract, notwithstanding

it was recited in the deed as "being forty acres;" or, in other words, whether the number of acres mentioned in the deed controls and limits the description? The court below held that it did, and instructed the jury accordingly.

In this ruling there was error. The rule is that when the *quantity* of land is mentioned in a deed as part of the description, it will be rejected if it be inconsistent with the actual area of the premises as ascertained by known monuments or other certain description, where the tract is definitely described and limited, as in the present instance, according to the original survey, so that any surveyor can ascertain its contents, and if within the boundaries, according to the description, there be less or more than the supposed quantity of land, the grantee takes all included within the description. No more and no less, if the grantor had right to convey all. The grantee, in his purchase, must be considered as relying on the boundaries described, and not on the contents mentioned. *Powell* v. *Clark*, 5 Mass. 355; *Mann* v. *Pearson*, 2 Johns. 37, 41; *Snow* v. *Chapman*, 1 Root, 528; *Wright* v. *Wright*, 34 Ala. 194; 2 Washburn on Real Property, § 39, p. 672 and notes.

In construing a grant of land which is described by the number of the section or legal fraction of the section, township and range, courts will look to the plat and field notes made and returned by the government surveyors to the surveyor-general's office, in order to locate the boundaries of the land. The lines actually run upon the ground by the original surveyor, become the true external boundaries of all lands sold by the government, if they can be ascertained by the monuments erected by the surveyor, and to these monuments, when they exist, courses, distances and admeasurements must all yield. *Sargent* v. *Herod*, 3 Iowa, 145; *McClintock* v. *Rogers*, 11 Ill. 279; *Sayers* v. *City of Lyons*, 10 Iowa, 249; *Moreland* v. *Page*, 2 id. 139. The quantity of land mentioned in a

conveyance, however, is the least reliable and the last to be resorted to in determining the boundaries of the premises conveyed. It may sometimes be considered in corroboration of other proof, but must always give way to fixed monuments or other definite and certain description when in conflict therewith. *McClintock* v. *Rogers, supra.*

The judgment of the circuit court is

Reversed.