Porter *et al. v.* Reid.

———————

No. 9063.

## PORTER ET AL. *v.* REID.

PLEADING.—*Counter-Claim.—Practice.*—A pleading filed as an answer, and bad as such, may, if its averments are sufficient, be treated as a counterclaim.

SAME.—*Mortgage Liens, Priority of.*—One who is made defendant to a complaint to foreclose a mortgage, and who holds a prior lien, may, by counter-claim, have the priority established.

SAME.—*Special Finding.—Practice.*—Where, to a complaint to foreclose a mortgage, a defendant by counter-claim sets up a prior mortgage, seeking to have the priority established, to which the answer is a general denial and payment, a special finding that the defendant's mortgage, though it describes the property embraced in the plaintiff's mortgage, was not so intended, and a conclusion of law that it is not a prior lien, are not within the issues, and therefore irrelevant, and an exception thereto should be sustained.

SAME.—*Answer.—Mistake.—Description of Land in Mortgage.*—An answer to a counter-claim which sets up a prior mortgage on the premises (on which the plaintiff seeks a foreclosure), alleging a material mistake in the description of the lands in the defendant's mortgage, and that it was not intended to include the same lands, is good on demurrer.

SAME.—*Evidence.*—When real estate is conveyed by metes and bounds or any other certain description, this will control the quantity, although not correctly stated in the conveyance, and parol evidence is not admissible to show what real estate was meant to be conveyed.

---

Porter *et al. v.* Reid.

---

COSTS.—*Reversal on Assignment of Cross Errors.*—*Practice.*—Where the appellee assigns cross errors occurring prior to those assigned by the appellant, and all the errors assigned are found to exist, the judgment will be reversed at the costs of the appellant.

From the Fountain Circuit Court.

*M. Milford,* for appellants.

*J. S. Nave, B. F. Hegler* and *A. A. Rice,* for appellee.

MORRIS, C.—The appellee, James O. Reid, brought this suit against the appellants to foreclose a mortgage. The complaint is in two paragraphs.

The first states that Joseph Poole, in his lifetime, executed to the appellee a mortgage on lots three, four and five, in Butler's addition to the town (now city) of Attica, in Fountain county, Indiana, on the 21st day of September, 1877, to secure the payment of a note for $1,000, executed by said Poole to the appellee, and payable in two years from its date; that said mortgage was duly recorded in said county, within ten days from its execution; that on the —— day of March, 1878, said Joseph Poole died testate, leaving as his heirs, Lucretia A. Poole, Lizzie H. Poole and Julia G. Allen, formerly Poole, but since intermarried with David S. Allen; that Isaac E. Schoonover had been duly appointed administrator *de bonis non* with the will annexed of the estate of said Joseph Poole; that said note and the interest thereon were due and unpaid; that on the 5th day of November, 1877, said Poole executed another mortgage on said lots to the defendants George F. Ward and Isabella Whickcar to secure the payment of $5,600; that on the 22d day of December, 1877, Margaret Hushaw recovered a judgment in the Fountain Circuit Court against the said Joseph Poole for the sum of $600 and costs; that the appellee's lien is prior and superior to the others; that the appellants Samuel Carter, Newman Porter and Elizabeth V. Brown, and Frank M. Brown, her husband, have or pretend to have some interest in or title to said lots, but that the appellee is ignorant as to the character of such claim. All of the persons named as heirs, incumbrancers or as hav-

ing any interest in said lots, as well as the administrator of the estate of Joseph Poole, are made parties.

The second paragraph of the complaint is like the first, except that it states that the parties to the appellee's mortgage made a mistake in describing the addition to the town of Attica in which the lots mortgaged are situate; that the lots agreed and intended to be mortgaged are situate in Butler's addition of out-lots to the town of Attica; that there is no such addition to said town as Butler's addition, as stated by mistake in said mortgage. Prayer that the mortgage be reformed and foreclosed as reformed.

The cause was finally put at issue, and submitted to the court for trial. Upon the request of the appellants the court found the facts specially and the conclusions of law arising thereon. The appellant Newman C. Porter duly excepted to the conclusions of law found by the court. Judgment upon the findings for the appellee.

The error assigned by the appellant calls in question the conclusions of law as stated by the court.

The findings of the court are as follows:

"1. That on the 21st day of September, 1877, Joseph Poole executed the mortgage declared upon in plaintiff's complaint, which was duly recorded, as alleged therein; that the said mortgage was executed to secure the debt evidenced by the note described therein.

"2. That by mutual mistake of the parties the property intended to be covered by said mortgage was described as 'lots numbered three, four and five in Butler's addition to the town (now city) of Attica,' when it ought to have been described, and was, by the parties, intended to have been described, as 'lots numbered three, four and five in Butler's addition of out-lots to the town (now city) of Attica.'

"3. That there is a duly platted and recorded addition to the town (now city) of Attica, known and designated as Butler's addition of out-lots, and that there is not now, and

never was, any other addition to said town of the same or similar description made or recorded.

"4. That on the 5th day of November, 1877, the said Poole executed a mortgage upon said premises to secure the payment of $5,600 to the defendants George F. Ward and Isabella Whickcar; and that on the 22d day of November, 1877, the defendant Margaret Hushaw recovered a judgment in this court against Poole for $600.

"5. That on the 19th day of July, 1877, the said Poole executed a mortgage to Samuel Finney, as cashier of the First National Bank of Attica, and to Newman C. Porter, as security for the said Joseph Poole, upon the east half of the northwest quarter of section seven, township twenty-one north, of range seven west, containing $19\frac{55}{100}$ acres, more or less, to secure the payment of $1,000, which was duly recorded.

"6. That Butler's addition of out-lots to the town of Attica, was originally part of the 'east half of the northwest quarter of section seven, township twenty-one north, of range seven east,' and was added to said town before the 19th day of July, 1877.

"7. That said east half of the northwest quarter of section seven, township twenty-one north, of range seven east, prior to the 19th day of July, 1877, and on that day, consisted of several known and designated subdivisions, of which were Butler's said addition and $19\frac{55}{100}$ acres, known as the 'Coleman tract;' that each of these subdivisions were known, and since continuously known, to the parties hereto, as several and distinct parcels of land, and that at the time of the execution of the mortgage to Finney and Porter, it was the understanding and intention of the parties that the parcel of land to be covered by it was the 'Coleman tract.'

"8. That there is due to the plaintiff, upon the indebtedness secured by his mortgage, the sum of $1,307.50, and the further sum of $65, as and for his attorney fees.

"9. That Poole died upon the date alleged, and that an executor was appointed as alleged, and that the defendants

Lucretia A. Poole, Julia G. Allen and Lizzie Poole are his sole heirs and legatees.

"And upon the foregoing facts the court states the following as its conclusions of law:

"1st. That the plaintiff is entitled to have his mortgage reformed, and a decree of foreclosure thereof, and an order for the sale of the mortgaged property to satisfy his debt of $1,307.50, and the costs of this proceeding.

"2d. That the lien of the mortgage executed to the defendants Ward and Whickcar is junior to that of the plaintiff's mortgage.

"3d. That the mortgage executed to defendants Finney and Porter is not a lien upon the property described in the plaintiff's mortgage."

The appellant Porter alone excepted to the conclusions of law as stated by the court, and the only error complained of by him is, that the finding by the court, that the mortgage executed by Joseph Poole to him and Finney did not embrace the land intended to be mortgaged to the appellee, was not within the issues.

In the third paragraph of his answer to the appellee's complaint, the appellant Porter says that he holds a mortgage lien on the land described in the complaint, "prior in time and paramount in fact to the mortgage lien declared on in the complaint," to wit, a mortgage executed to him and another by Poole; that the debt secured by said mortgage remains unpaid and in full force. The debt is described, and a copy of the mortgage is made a part of this paragraph. The land is described in the mortgage as follows: "The east half of the northwest quarter of section seven, township twenty-one north, of range seven east, containing $19\frac{55}{100}$ acres, more or less, in Fountain county, Indiana." The prayer to this paragraph of the answer is, that the mortgage may be declared a lien superior to that of the appellee.

To this paragraph of the answer, the appellee demurred, on the ground that it did not state facts sufficient to constitute a de-

fence to the action.    The demurrer was overruled and he excepted.

The appellee then replied to the third paragraph of the answer in six paragraphs, numbered 1, 5, 6, 7, 8, and 9.    The first was a general denial; demurrers were sustained to the 5th, 6th, 7th and 9th paragraphs of the reply and overruled as to the 8th.    The 8th paragraph of the reply stated that the mortgage executed by Poole to Finney and Porter was given to secure a debt of $1,000, which Poole owed the First National Bank of Attica, on which Porter was security; that Porter had taken possession of the mortgaged premises, caused the same to be sold, and that with the proceeds of the same he had paid the debt to the bank.

The appellant Porter objects, as we understand him, to that portion of the special finding of the court, which relates to and fixes the quantity of land embraced by the mortgage of Poole to Finney and him, as not being within the issues formed in the case, and that the conclusion of law based upon this portion of the finding is irrelevant and foreign to the issues.

The facts stated in the 3d paragraph of the answer certainly constitute no defence to the appellee's complaint.    Though Finney and Porter held, as the answer alleges, a prior mortgage on the land embraced in the appellee's mortgage, still, the appellee was entitled to foreclosure of his mortgage.

But as the pleading sets out a copy of the mortgage and alleges that the appellant Porter is the holder of it, we think it may be treated, though called an answer, as a counter-claim, seeking to settle the priority of the appellant's lien. *Searle* v. *Whipperman,* 79 Ind. 424.    And though it may be doubtful, as a general rule, whether one holding a prior lien, can, in an action by a junior mortgagee to foreclose, require such a question to be adjudicated, yet, when made a party to such suit by the holder of the junior mortgage for that very purpose, we think that the question may be regarded as properly presented for decision.

The 8th paragraph of the reply, which may be treated as

an answer to this counter-claim, alleges, in substance, payment, and nothing else. Under this pleading, no question as to the land embraced by the Finney and Porter mortgage could arise. Such a question would be altogether foreign to the issue.

The first paragraph of what is called the reply to the counter-claim is the general denial.

The counter-claim alleged that Porter held a mortgage on the land described in the appellee's complaint, prior and superior to that of the appellee. This the answer denied. Was it within this issue, to enquire and find, as the court did, that it was not the intention of the parties to mortgage the land actually described in it, but only a part of such land? that, by mistake of the parties a greater quantity of land was included in the mortgage than was intended to be embraced by it? We think such questions were not within the issue. The issue was not what land did the parties intend to mortgage, but what land had they in fact mortgaged. And this question could only be determined by the mortgage itself; that portion of the finding, therefore, which defines and describes the land which the parties intended to mortgage, and that portion of it which they did not intend to mortgage, is irrelevant and outside of the issue.

The description contained in the mortgage is, " The east half of the northwest quarter of section 7, town 21 north, of range 7 east, containing $19\frac{55}{100}$ acres, more or less."

The appellee insists that this description is ambiguous, and that it is, therefore, competent to accompany the mortgage with parol testimony to show that by the description is meant, not the east half of the northeast quarter of said section, but nineteen and fifty-five one hundredths acres, more or less, of undefined boundaries, situate somewhere within the east half of said quarter section. If we regard the words " nineteen and fifty-five hundredths acres, more or less," not as words of estimation, but as repugnant to the former words, they should be rejected, and then the description will be beyond criticism.

3 Washb. Real Prop. (4th ed.), 385, 402; *Gano* v. *Aldridge,*
27 Ind. 294. In the case of *Jackson* v. *Barringer,* 15 Johns.
471, it is held to be a well settled principle of law, "that
when a piece of land is conveyed by metes and bounds, or
any other certain description, this will control the quantity,
although not correctly stated in the deed. The inference in
such case is, that the intention was to convey the whole tract
described; and the quantity of acres mentioned must yield
to the more certain description." *Mann* v. *Pearson,* 2 Johns.
37; *Jackson* v. *Loomis,* 18 Johns. 81.

We conclude that the court erred in its conclusion of law
that the mortgage executed to Finney and Porter was not a
lien upon the land described in the complaint.

The appellee, among other cross errors assigned by him,
says that the court below erred in sustaining the demurrer to
sixth paragraph of his reply to the third paragraph of the
answer of the appellant Porter. This pleading, called a re-
ply, may, as we have stated, be treated as an answer to the
counter-claim or cross complaint of Porter. It states that
Poole intended to mortgage to Finney and Porter, and that
they agreed and intended to accept and receive from Poole a
mortgage on $19\frac{55}{100}$ acres of land only, being part of the said
east half of the northwest quarter of said section seven, par-
ticularly describing the $19\frac{55}{100}$ acres intended to be mort-
gaged, and that it did not embrace the land described in said
complaint; that, by the mutual mistake of all the parties, the
particular description of the $19\frac{55}{100}$ acres was omitted in
drawing said mortgage. The prayer is, that the lien of the
Finney and Porter mortgage may be limited to the land in-
tended to have been mortgaged, and that it be declared not to
be a lien upon the land described in the appellee's complaint.

We think this answer good. If, as stated, none of the par-
ties to the Porter and Finney mortgage intended to include
in it the land mortgaged to the appellee, and it was included
in said mortgage by the mutual mistake of all the parties, it
should not be held to be a lien on the land unintentionally

and by mistake of the parties embraced in it, to the prejudice and injury of the appellee. We think the court erred in sustaining the demurrer to this paragraph of the answer to the cross complaint of Porter. As the first error was committed at the instance and in favor of the appellant, the judgment below should be reversed at his costs.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be reversed, at the costs of the appellant.

Opinion filed at the November term, 1881.

Petition for a rehearing overruled at the May term, 1882.