[No. 5201.    Decided April 6, 1905.]

JERD McIRWIN *et al., Appellants,* v. MARCALIN CHARLEBOIS, *Respondent.*[1]

BOUNDARIES—MORTGAGES—DESCRIPTION OF TRACT—CERTAINTY—QUANTITY CONTROLLED BY COURSES AND DISTANCES. Where a tract of land, supposed to contain one hundred and twenty-five acres, is mortgaged, describing the same by courses and distances, "excepting, however, twenty-five acres off the north side," and the mortgage provides that the land "intended to be conveyed contains one hundred acres more or less," evidence *aliunde* the mortgage is not admissible to show the intention of the parties, after discovering that the tract in fact contained one hundred and sixty-five acres; but the specification as to quantity is controlled by the courses and distances and will be treated as surplusage, and hence there is no ambiguity in the description, which includes all but the north twenty-five acres.

Appeal from a judgment of the superior court for Clarke county, Rice J., entered December 2, 1903, upon findings

[1]Reported in 80 Pac. 285.

in favor of the defendant, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*J. P. Stapleton, Rands & Hopkins,* and *Coovert & Stapleton,* for appellants.

*W. W. McCredie, Bronaugh & Bronaugh,* and *G. F. Martin,* for respondent.

HADLEY, J.—This is an action to quiet title to a tract of land in the Christian Powley donation land claim in Clarke county. In the year 1865, Christian Powley received a patent from the United States, covering his donation claim, which was described therein by metes and bounds, and was said to contain 317.64 acres, whereas it in fact contained about 360 acres. In 1868 Powley and wife conveyed the southern portion of the claim to one Abernethy, and used the following description:

"Beginning at the S. W. corner of section 29, twp. 3, North, of Range One, East, running thence east 51 chains and 92 links, thence south 35 chains and 4 links, thence west 38 chains and 72 links, thence north 3 chains and 83 links, thence north 42 deg. 30 min. west 13 chains, thence south 77 deg. 15 min. west 4 chains and 62 links, and thence north 21 chains and 20 links to the place of beginning, containing in all 125 acres more or less."

The tract described in fact contained about 165 acres. In 1870, said Abernethy and wife conveyed the same land, using the above description, to Elizabeth Powley, wife of Christian Powley. Thereafter Elizabeth Powley died intestate, and left as her heirs at law her husband, Christian Powley and five children, among whom was Ellen McIrwin, one of the plaintiffs in this action. One of the children afterwards died intestate, leaving his father, Christian Powley, as his sole heir. Of the remaining four sur-

viving heirs of Elizabeth Powley, all but the plaintiff Ellen McIrwin conveyed their interests in said tract to the plaintiff Jerd McIrwin, describing the same by metes and bounds, as in the aforesaid deed from Powley to Abernethy. Thus the tract of land came to be owned by the plaintiffs Jerd McIrwin and Ellen McIrwin, together with Christian Powley. The McIrwins are husband and wife, and in 1890, they, together with Christian Powley, executed a mortgage to John Gibbon and George Hunter Robertson, to secure $1,500. The description used in the mortgage was the same as that used in the several conveyances above mentioned, with the following words added: "Saving and excepting, however, from the above described tract, twenty-five acres off the north side thereof. The land intended to be conveyed hereby contains one hundred acres more or less." The mortgage was afterwards assigned to the American Mortgage & Trust Company, Limited, which company foreclosed it, bid in the property at a mortgage sale, and later obtained a sheriff's deed therefor. After obtaining its title thus, said company sold and agreed to convey to the defendant in this action a tract described as follows:

"Beginning at the S. W. corner of section 29, twp. 3, North, of Range One, East of the W. M., running thence east 51.92 chains, thence south 13.48½ chains, thence west 51.92 chains, thence north 13.48½ chains containing 70 acres more or less, excepting always therefrom that certain strip of land on north side of the same, of 25 acres, the property of Jared McIrwin, also excepting the right of way of the Portland and Puget Sound Railroad Company, the land conveyed containing 45 acres less the said right of way."

The last described tract is the one in dispute. The plaintiffs claim that, when they and Christian Powley executed the aforesaid mortgage, they intended to mort-

gage no more than one hundred acres of the land described in the mortgage, and that the portion so mortgaged was the south one hundred acres of the tract; that the plaintiffs have purchased from Christian Powley his interest in all that portion of the tract described in the mortgage which lies north of the north boundary of said south one hundred acres. It is contended that the tract in dispute lies without the boundaries of said one hundred acres, and that the purchaser at the mortgage sale, defendant's grantor, did not acquire title thereto. The cause was tried by the court without a jury, and resulted in a judgment for the defendant. The plaintiffs have appealed.

The controversy arises over the force that should be given to the description in the mortgage. The appellants contend that, inasmuch as there is a discrepancy between the amount of land included within the described boundaries and the expression of the amount intended to be mortgaged, they should be allowed to show, by evidence *aliunde* the mortgage, what the intention was. The respondent, upon the other hand, insists that the mortgagors actually mortgaged the lands included within the metes and bounds of the description, and that the expression as to the quantity should be rejected as surplusage. It is also contended that it was the actual intention to mortgage all the land described. In support of the latter contention, it appears that neither appellants nor the mortgagees nor their assignee were aware, until long after the foreclosure and sale of the land, that the tract described contained 165 acres, but each supposed, and honestly believed, that the boundaries embraced but 125 acres. There was, therefore, no element of fraud attending the execution of the mortgage, and the only question is, how shall the description therein be construed.

It is a general rule that the courses and distances which describe boundaries, in conveyances of real estate, control as to quantity, and when the specification as to quantity disagrees with the description by metes and bounds, the former is treated as surplusage, and the latter is construed as if it stood alone. *Jackson v. McConnell,* 19 Wend. 175, 32 Am. Dec. 439; *Powell v. Clark,* 5 Mass. 355, 4 Am. Dec. 67; *Jackson v. Barringer,* 15 Johns. 471; *Porter v. Reid,* 81 Ind. 569; *Ufford v. Wilkins,* 33 Iowa 110. In *Powell v. Clark, supra,* the court said:

"The question before us in this action depends upon the construction of the deed declared on; and we are of opinion that the words expressing the quantity of land in the two tracts do not amount to a covenant, but are merely descriptive of the lands conveyed. Each tract is definitely limited, and any surveyor could easily ascertain its contents; and the plaintiff might have known the quantity of land contained within the limits described, before he concluded his purchase, by taking the proper measures. . . . If the boundaries of the tracts had included more than the quantity expressed, yet all within those boundaries, which the defendant had a right to convey, would have passed by the deed. . . . In a conveyance of land by deed, in which the land is certainly bounded, it is very immaterial whether any or what quantity is expressed; for the description by the boundaries is conclusive. And when the quantity is mentioned in addition to a description of the boundaries, without any express covenant that the land contains that quantity, the whole must be considered as mere description; although the quantity mentioned is an uncertain part of the description, and must yield to the location by certain boundaries, if there is a disagreement, whether the quantity mentioned is more or less than the quantity actually contained within the limits expressed."

Again, in *Jackson v. Barringer, supra,* the court observed:

"The defendant has in his possession about one hundred and forty-nine acres, and the premises claimed are the surplus beyond the eighty acres. It is a well-settled rule, that when a piece of land is conveyed by metes and bounds, or any other certain description, this will control the quantity, although not correctly stated in the deed. The inference in such case is, that the intention was to convey the whole tract described; and the quantity of acres mentioned must yield to the more certain description."

Respondent cites numerous cases upon this point, but the rule is general, and we believe it is not necessary to cite others. Following the above rule, and treating the words descriptive of quantity as surplusage, the description in the mortgage is certain, and there is no ambiguity.

The trial court so construed it, and we think it was right. The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.