[No. 17757.  Department One.  March 23, 1923.]

AUSTRIAN AMERICAN BENEVOLENT CEMETERY ASSOCIATION, *Appellant,* v. TASSE BRIEN DE DESROCHERS *et al., Respondents.*[1]

BOUNDARIES (2, 8)—COURSES AND DISTANCES—MONUMENTS—DESCRIPTIONS IN DEED—ADJOINING LANDS. A deed of a tract described as being 100 x 130 feet does not control the monuments and other descriptions, which, starting from an initial point, was declared to run thence west 130 feet or more to the northeast corner of the land of C. H., thence north 100 feet, thence east 120 feet or more, thence south 100 feet to the initial point; it appearing that the course to the land of C. H. was but 100 feet, and the available tract but 100 feet square; especially where there was a fence on the line, and the deed further recited that the tract was adjoining and immediately north of the land of C. H. (HOLCOMB, J., dissenting).

SAME (12)—ESTABLISHMENT—EVIDENCE — ADMISSIBILITY. Where a description in a deed refers to other and adjoining land, oral evidence is admissible to show the location of such other land.

ADVERSE POSSESSION (34)—CLAIM OF TITLE—PAYMENT OF TAXES. Payment of taxes upon a strip of land thirty feet in width, which was in dispute, does not entitle plaintiff to claim title by adverse possession, where the payments were made in advance to take advantage of the three per cent discount, and defendants had, from time to time, requested the assessing officers to segregate the disputed strip and assess it to them.

Appeal from judgments of the superior court for King county, Carey, J., entered June 23, 1922, upon

[1]Reported in 214 Pac. 3; 216 Pac. 891.

findings in favor of the defendants, in an action to quiet title, tried to the court. Affirmed.

*Peterson & McBride,* for appellant.

*W. U. Park* and *Paul S. Dubuar,* for respondents.

BRIDGES, J.—By this action the plaintiff sought to quiet title to certain real estate located in King county, and by cross-complaints the defendants sought to quiet title in themselves to the same land. The plaintiff has appealed from the judgment entered in favor of the defendants.

In the lower court there were two separate actions and two separate judgments. The facts and questions of law being the same in each case, they were consolidated for the purposes of appeal.

The chief controversy here is over the description of the land contained in the deed from one Franett to the appellant. That description, after fixing the point of commencement, is as follows:

". . . . thence running west 130 feet or more to the northeast corner of the land of Charles Hedlund; thence north 100 feet; thence east 120 feet or more, thence south 100 feet to the initial point heretofore named; being a tract of land 100 x 130 feet and adjoining and immediately north of the tract of land heretofore owned by one Hildebrand, situated in King county, Washington."

If by this description the appellant received a tract of land 100 x 130 feet, then the judgment should be in its favor, unless its claim is defeated by adverse possession; but if it obtained a tract 100 feet square, then the judgment should be against it, unless it is saved because of payment of taxes, which question is later discussed. As above indicated, it received its deed from one Franett, who in turn had received his deed with a like description from a man by the name

of Kindig. After appellant received its deed, Kindig deeded to the respondent the thirty-foot strip in controversy here.

The northeast corner of the Hedlund land mentioned in appellant's deed was just 100 feet west of the point of beginning, and the Hildebrand land was immediately south of the land of appellant, if it received a tract of 100 feet square. We must determine whether the appellant's land stops at the northeast corner of the Hedlund land, which is 100 feet from the initial point, or whether it extends past the Hedlund corner thirty feet.

In 9 C. J. 222, the rule is laid down as follows:

"As a general rule, in locating boundaries, calls for adjoiners control calls for courses and distances. Where the deed calls for the lines or corners of an adjacent tract, the lands will be extended to them without regard to distance if sufficiently established . . . . In the absence of calls for other monuments, calls for adjoiners will, as a rule, control other and conflicting calls. Calls for adjoiners are themselves calls for monuments, and where they are certain, they are monuments of the highest dignity."

The rule is laid down in 5 Cyc. 881, thus:

"Lands are frequently described by reference to adjoining or adjacent lands and in the absence of other controlling calls, a call for adjoiners fixes the boundary so described, which is to be run coincident with, or at the prescribed distance from, the line of adjoiners."

And on page 925 of the same volume it is stated that:

"In locating boundaries, calls for adjoiners control calls for courses and distances, except where the former are clearly incorrect, or are so vague and uncertain as to be incapable of definite ascertainment."

In 4 R. C. L. 100, it is said:

"Accordingly an order of precedence has been established among different calls for the location of

boundaries of land, and, other things being equal, resort is to be had first to natural objects or landmarks, next to artificial monuments, then to adjacent boundaries and thereafter to courses and distances."

In vol. 2, Devlin on Real Estate and Deeds (3d ed.), § 1034, the following statement is made:

"Where the line of another tract is called for in a description in a deed as one of the boundaries of the land conveyed, the line must run to such boundary line regardless of distance."

See, also, the following cases out of this court: *Edson v. Knox*, 8 Wash. 642, 36 Pac. 698; *Bullock v. Yakima Valley Trans. Co.*, 108 Wash. 413, 184 Pac. 641, 187 Pac. 410; *McIrwin v. Charlebois*, 38 Wash. 151, 80 Pac. 285; *Fagan v. Walters*, 115 Wash. 454, 197 Pac. 635.

Under the rule of these authorities, it seems plain to us that appellant's line must stop at the northeast corner of the Hedlund land, which is 100 feet west from the place of beginning.

At the time of these conveyances, there was a fence on the dividing line between the Hedlund and the Hildebrand lands, and this fence terminated at the northeast corner of the Hedlund land, consequently there was evidence on the ground indicating the westerly boundary of the appellant's land. In addition to this, appellant's deed expressly says that the land conveyed is "adjoining and immediately north of the tract of land heretofore owned by one Hildebrand." The northerly boundary of this last named land was 100 feet in length, and if it should be construed that the appellant's southerly line was 130 feet, then the land conveyed to it would not be "adjoining and immediately north" of the Hildebrand land.

The assertion in the deed in question that the tract described was 100 x 130 feet cannot control the monu-

ments and other descriptions given in the deed. We therefore conclude that by its deed the appellant received a tract of land 100 feet square.

Appellant complains that the court heard testimony showing the location of the northeast corner of the Hedlund land, and, also, the lines of the land formerly owned by Hildebrand. Where land is conveyed by description referring to other and adjoining land, it is entirely proper to receive testimony, oral or otherwise, to show the location of such other lands, for in no other manner could a description of the land sought to be conveyed be learned.

Appellant also claims that it paid the taxes for more than ten years on the disputed thirty feet, and lays some claim on that account. In the first place, we think the pleadings are hardly broad enough to justify a claim upon appellant's part to this land because of having paid taxes for the statutory period, because the complaint itself made no allegation in this regard and the reply merely alleged that appellant had paid the taxes for more than ten years. But if it should be conceded that the pleadings were broad enough to cover this question, yet it cannot help appellant. The testimony shows that the thirty-foot strip was assessed to appellant along with the land conveyed to it. The respondents, time after time, requested the assessing officers to segregate the description and thus assess such disputed strip to them; but this was never done. It is further shown that appellant paid this tax during the months of February or March of each year, thus taking advantage of the three per cent discount. Under the circumstances, the payment of taxes by appellant could not give it any character of title to the disputed land. Whether appellant is entitled to any other relief on this tax account is not before us in this action.

The conclusion to which we have come makes it unnecessary for us to decide any other questions discussed in the briefs.

The judgments are affirmed.

MAIN, C. J., and MITCHELL, J., concur.

HOLCOMB, J. (dissenting)—In my opinion, the fact that the tract conveyed to appellant was carved out of a larger tract owned by the grantors and measured in the grant as a tract 100 x 130 feet controls, and not the reference to the end line of another tract. There were no monuments.

Believing the decree should be reversed and appellant's title quieted to the disputed area, I must dissent.

## ON REHEARING.

### [*En Banc.* August 9, 1923.]

PER CURIAM.—Upon a rehearing *En Banc*, a majority of the judges adhere to the decision of Department One, and the judgments of the trial court are therefore affirmed.