JACKSON, *ex dem.* W. J. LIVINGSTON, *against* BARRINGER.

THIS was an action of ejectment for land in *Livingston*, in *Columbia* county. The cause was tried before Mr. J. Spencer, at the *Columbia* circuit, in *August*, 1815.

The defendant held under a lease from *Robert Livingston*, proprietor of the manor of *Livingston*, from whom the lessor of the plaintiff derived his title. The lease was to the defendant for three lives, and the premises were described as follows : " all that farm or tract of land being part of the said manor ; beginning, to wit : The farm on which *Jacobus Jose Decker* now lives on, laying east of the farm of *Jacob Miller*, west of the farm of *Andries Bartle* and *Jerry Decker*, and south of the farm of *Teunis Becker*, to contain eighty acres in one piece." The farm occupied by the defendant, actually contained 149 acres and a half, and this action was brought to recover the surplus over 80 acres. It was proved, on the part of the defendant, by several aged witnesses, that the boundaries of the farm, and the extent to which it was occupied, were the same as they had been for thirty or forty years ; and *Jerry Decker*, brother of *Jacobus Decker*, mentioned in the lease, a witness of about 81 years of age, testified, that the fall before the trial, he went round the farm, and that the fences were as they had been for forty years. The defendant also produced receipts from 1773 to 1813, for the rent reserved by the lease.

A verdict was taken for the plaintiff, subject to the opinion of the court, on the above case.

E. *Williams*, for the plaintiff, contended, that as the lease was for only *eighty* acres of land, it must be so located as to give the lessee that quantity, and no more. In *Jackson, ex dem. Livingston*, v. *Wiley*, (9 *Johns. Rep.* 267.) which was a similar case, the court gave no opinion as to the construction of the lease, but granted a new trial, on the ground of

*Where land is leased, and is described in the lease by metes and bounds, and as containing a certain number of acres, the description by metes and bounds controls the quantity, and the lessee is entitled to hold all the land embraced by the description, although exceeding the number of acres expressed in the deed.*

*So, where there is a lease of the farm on which A. B. now lives, to contain 80 acres, and the farm actually contains more than 80 acres, the lessor cannot recover the surplus from the lessee, especially where he has been in possession, and paid rent for a length of time.*

NEW YORK,
October, 1818.

JACKSON
v
BARRINGER.

a want of notice to quit. Here that question will not arise, as there has been a regular notice to quit. There can be no doubt of the intention of the lessor to lease the quantity of land only mentioned in the lease.

*Van Buren*, (Attorney General,) contra, contended, that the defendant had a right to the possession of the land, comprised within the metes and bounds of the lease. The quantity of acres is matter of description; and the bounds given being definite and certain, must prevail. (*Mann & Toles* v. *Pearson*, 2 *Johns. Rep.* 37. 40. *Jackson, ex dem. Staring*, v. *Deffendorf*, 1 *Caines' Rep.* 493.)(a) If a man grants his meadows in *dale* containing ten acres, and they, in fact, contain twenty acres, the whole twenty will pass. (*Bacon's Law Tracts*, 106. *Reg.* 25.)

Again; there has been an uninterrupted and undisputed possession for *forty* years, by the defendant, paying rent, and without any claim or question on the part of the lessor.

THOMPSON, Ch. J. delivered the opinion of the Court.

It is admitted that the lessor of the plaintiff is entitled to recover the premises in question, unless the defendant has a right to hold possession under the lease from *Robert Livingston* to him. The date of this lease is not stated in the case, but it was mentioned on the argument, to have been given in the year 1772. This would seem to be inferrable, also, from the receipts for rent. The description of the land as mentioned in the lease is, " The farm on which *Jacob J. Decker* now lives on, lying east of the farm of *Jacob Miller*, west of the farm of *Andries Bartle* and *Jerry Decker*, south of the farm of *Teunis Becker*, to contain eighty acres in one piece." The defendant has in his possession about one hundred and forty-nine acres, and the premises claimed are the surplus beyond the eighty acres. It is a well-settled rule, that when a piece of land is conveyed by metes and bounds, or any other certain description, this will control the quantity, although not correctly stated in the deed. The inference in such case is, that the intention was to

(a) Vide *Powell* v. *Clark*, 5 *Mass. Rep.* 355.

NEW-YORK,
October, 1818.

JACKSON
v.
BARRINGER.

convey the whole tract described; and the quantity of acres mentioned must yield to the more certain description. This is a principle very broadly laid down, and sanctioned by this court, in *Mann* and *Toles* v. *Pearson.* (2 *Johns. Rep.* 40.) It is there stated and adopted as a settled rule, that if a man lease to another the meadows in *D.* and *S.* containing ten acres, and, in truth, they contain twenty acres, all shall pass.

The principal question growing out of the case before us is, whether it comes within this rule. It is very clear, that if the plaintiff can recover any part of the land in the defendant's possession, it must be on the southern part; for, on all the other sides, the bounds are certain and fixed, being on the farms of other persons mentioned in the description. But there is a general description or designation of the land intended to be leased, which is as certain, and more so, than the general designation of a lot by its number. It is *the farm whereon Jacobus J. Decker now lives.* It is reasonably and fairly to be presumed, that this possession was known to both parties, and that it was the farm, as an entirety, thus possessed by *Decker*, that was intended to be embraced in the lease ; and that the defendant has no more land in possession than *Decker* had, is very satisfactorily established by the testimony. Several aged witnesses were examined, who had known the farm upwards of forty years, and testified, that the possession was the same now as it was when they first knew it. *J. Decker*, the brother of the *Decker* mentioned as the former possessor, testified, that he had known the farm more than forty years ; that he had lately gone round the fences, and found them where they had been for forty years ; and that his brother's clearing was even farther south than the defendant's.

When a conveyance is thus made of an entire farm, as possessed by another person, and in reference to such possession, it would be doing great violence to the presumed intention of the parties, to suppose the whole was not intended to be conveyed. The rent has been regularly paid for the whole of the farm, as it now is, ever since the giving of the lease ; and if any uncertainty exists with respect to the land intended to be included in the lease, after such a

NEW-YORK, lapse of time, the acts and acquiescence of the parties
October, 1818. ought to have a controlling influence in the location of the
SPRAGUE premises described in the lease. Under these considera-
v.
SEYMOUR. tions, we think that the defendant, at this late day, ought
not to be disturbed in his possession; and that he is, of
course, entitled to judgment.

Judgment for the defendant.