## CHILD & UX. *vs.* FICKET.

Where one who owned three adjoining parcels of land, each of which was particularly described in the deed by which he held them, made a deed of conveyance commencing in the language of the former deed, as a conveyance of three parcels, but describing only the first parcel, and referring to the deed from his grantor to himself ;—it was held that all the three parcels passed by this deed.

   IN this action, which was a writ of dower, the question was whether *James Wylie Jr.* the former husband of the *feme* demandant, was seised of both the parcels of land described in the writ.

It appeared that *James Wylie*, the father, being seised of both the parcels, which were contiguous, and of another parcel, conveyed them all to *Cotton B. Brooks*, on the 9th of *April* 1807, for the consideration of 3600 dollars; describing them thus,—" three parcels or lots of land situated in said *Portland*, and bounded as follows, to wit, the first lot beginning at" &c.—setting forth the boundaries ;—" being the same land which was conveyed to me by *Ebenezer Newman's* deed, bearing date the 18th of *November*, A. D. 1800, and on record;"—and then proceeding to describe the second and third parcels in the like manner. On the 24th day of *December* 1810, *Brooks* made a deed to *James Wylie Jr.* for the consideration of 778 dollars, purporting to convey " three parcels or lots of land situated in said *Portland*," and proceeding exactly in the language of the former deed, as far as the end of the description of the *first parcel*, which he closed with these words,—" being the same which was conveyed to me by *James Wylie*, by deed dated *April* 9, 1807, now on record." Here the description closed, and was immediately followed by the *habendum*. All the parties lived in *Portland* ; and it did not appear that *Brooks* had occupied either of the parcels, after the making of this deed.

The Chief Justice, before whom the cause was tried, ruled in favor of the demandants, for whom a verdict was returned ; and reserved the question of construction, for the consideration of the court.

*Longfellow*, for the tenant, contended that the general allusion to three parcels, in the second deed, was to be explained and controlled by the particular description of a specific lot by metes and bounds. *Lyman v. Clark* 9 *Mass.* 235. And to this description the concluding reference to the deed of *James Wylie* the father, must be understood to apply. The difference also in the consideration paid, clearly shews that it was only a part of the first purchase which *Brooks* intended to convey.

*Fessenden* and *Deblois*, for the demandants, interpreted the second deed as a conveyance of the three parcels purchased of

*James Wyllie*, the first of which, only the grantor undertook to describe. Upon this construction, they said, all the words of the deed were regarded, agreeably to the well known rule of law. *Shep. Touchst.* 87. 2 *Cruise's Dig.* 293. 1 *P. Wms.* 457. *Troup v. Blodget* 16 *Johns.* 176. *Jackson v. Myers* 3 *Johns.* 395. 1 *Vern.* 416, 424, 457. 1 *Phil. Ev.* 473. If the language of the deed is doubtful, it is to be expounded most strongly against the grantor. *Adams v. Frothingham* 3 *Mass.* 361. *Worthington v. Hylyer* 4 *Mass.* 205. 3 *Johns.* 375. *Co. Lit.* 183 *a.* *Gilb. Ev.* 185. *Webb v. Dixon* 9 *East.* 15. 8 *Johns.* 394. 5 *Mass.* 411. And if the intent of the parties is to govern, it is evident that the first deed was before them when the second was written; and that the general reference to the first deed was inserted to include the whole. 2 *Cruise's Dig.* 294. *Bott v. Burnell* 11 *Mass.* 163. *W. Jones* 405. 5 *East.* 81. 2 *Rol. Abr.* 49. *Runnington on Eject.* 41, 120, 215. *Rogers v. Clark* 7 *Johns.* 217. 1 *Caines* 493. 1 *Phil. Ev.* 468. 1 *Maule & Selw.* 299. 11 *East.* 59. *Goodtitle v. Bailey Cowp.* 597. *Ludlow v. Myers* 3 *Johns.* 398. *Vose v. Handy* 2 *Greenl.* 322. *Keith v. Reynolds* 3 *Greenl.* 393.

Weston J. delivered the opinion of the court.

In the construction of a deed, the entire instrument is to be regarded; and, if it may be, every word is to have effect, and none be rejected; and it is to be so understood, if possible, that all the parts may agree together. *Plow.* 160, 161. These and other rules have been devised, as best adapted to give effect to the legal intention of the parties; which is the general governing principle in the exposition of deeds and other instruments.

But for the particular description of one piece of land, in the deed of *Cotton B. Brooks* to *James Wyllie, Jun.* it would have been altogether plain and intelligible; conveying three parcels of land in *Portland*, being the same which passed from *James Wyllie* to the grantor; reference being made to his deed, in which each parcel is described by metes and bounds. The words of the deed in question, express three parcels or lots of land in *Portland*. To restrict its operation to one parcel, would be giv-

ing it an effect far short of what the words require; and it ought not therefore to receive this limited construction, if it can be avoided. Without the reference to the deed, under which the grantor held, the piece described would alone have passed; as the deed would have furnished no *data*, by which the other two pieces could have been ascertained and located. But with the reference, although but one parcel is particularly described, the other two are designated with equal certainty. Three lots are conveyed, " bounded as follows." From this language, we are led to expect a description of each. The deed goes on to describe the " first," plainly implying, by the use of this term, that more than one piece is conveyed. The second and third are not described, as seems to have been designed in the outset, except by the reference before stated. It has been insisted that the words of reference are limited to the first parcel. These words, "being the same which was conveyed to me by *James Wyllie*, by deed, dated *April* 9, 1807," immediately follow the particular description of the first piece. If the deed had professed to convey but one piece, without doubt the sense would have required that they should have been thus restricted. Even then, if the deed had been drawn with precision, the words of reference should have been " being one of the parcels," or "being part of the same land which was conveyed to me," &c. But when the deed distinctly states, that three lots or parcels are the subject of the conveyance, and, after describing one, refers in this manner, without qualification, to a deed in which three parcels are conveyed to the grantor by metes and bounds, the reference cannot, by any consistent construction, be restricted to one of the parcels, to the exclusion of the other two. If the word " same" is understood to embrace the three pieces, stated in both the deeds, all the words are operative and consistent; if restricted to one, terms of great importance must be rejected as useless and unmeaning.

That words are to be taken most strongly against the grantor, is an ancient principle of the common law; the operation of which, however, is in modern times, very properly restrained, where it would not accord with the apparent intention of the

parties. But if he use terms, not sufficiently precise, the meaning of which is not to be fixed with certainty, from a view of the whole instrument, as it was incumbent on him to have explained himself, the rule adverted to may be very properly applied. It is certainly far from being clear that only one piece was intended to be conveyed by the deed in question; and if it were a doubtful and balanced case, this rule might justly incline the scale. But it is not necessary to invoke this principle, which is regarded with less favor than it was formerly, in aid of the more extended construction. This result best comports with the plain and ordinary meaning of the language used, reconciles the different parts of the deed, and gives effect to all its terms.

It has been urged in argument by the counsel for the tenant, that more general words in an instrument are to be restrained by other expressions, more limited, in the same instrument. This principle is unquestionably a sound one; and may be resorted to wherever the object, intent and design of the parties require, as they often do, this limitation. But it cannot apply in the case before us. Giving the words of reference the meaning which, from an inspection of both deeds, the sense plainly requires, the deed from *Brooks* is to be construed, as if the description in the deed to him had been inserted therein; and taken both together, the second and third pieces are described as particularly as the first. *Judgment on the verdict.*