SAMUEL BIRCH & wife *vs.* HENRY T. HUTCHINGS.

Suffolk. Nov. 15, 1886. — June 3, 1887. HOLMES & GARDNER, JJ., absent.

A. and B. executed an indenture, whereby B. covenanted that he would "transfer to her, the said A., the moneys originally deposited in her name in " a certain bank, "amounting to about $284." Previously to the date of the indenture, there was on deposit in said bank, to the credit of a third person $284, and to the credit of A. a larger sum, both of which sums had been transferred to B. A. received a bank-book containing a credit of $284, which sum had been transferred to her by B. A. was an ignorant woman, who signed the indenture with her mark, the same having been read to her. *Held,* in an action by A. against B. for a breach of the covenant, that the description therein of the deposit must prevail over the statement of the amount, and include the larger sum ; that the receipt of the bank-book by A. created no estoppel; and that interest was properly allowed, no demand being necessary.

C. ALLEN, J. The declaration is upon an indenture dated April 13, 1877, whereby the defendant covenants " that he will

transfer to her, the said Eunice, the moneys originally deposited in her name in the Portsmouth Savings Bank, amounting to about $284." The answer denies every allegation of the declaration; but it must now be assumed, though it is not stated, that the execution of the indenture was proved.

The defendant's bill of exceptions is quite meagre in its statement of facts, and most of those which are material are to be gathered solely from the contents of the indenture itself. From this source of information, the circumstances appear to have been as follows:

On February 10, 1877, the plaintiff Eunice, before her marriage to her present husband, executed to the defendant a deed which contained a conveyance of certain real estate, an assignment of a mortgage running to her, and also a transfer of "moneys deposited in savings banks." The deed itself is not before us, and the only information we have as to its contents is what can be gathered from the indenture. There is nothing to make it definite what "moneys deposited in savings banks" were included in the transfer.

On March 23, 1877, Eunice, being then married, executed an instrument, which was recorded with Suffolk deeds, whereby said deed to the defendant was declared by her to be void.

On April 13, 1877, a settlement between her and the defendant having been arrived at, the indenture upon which the present action is brought was executed between her and her husband, of the first part, and the defendant, of the second part, by which she ratified and confirmed her deed of February 10, 1877, and the defendant, among other things, entered into the covenant cited above.

At the trial, there was " evidence showing that, on March 7, 1877, there was on deposit in the Portsmouth Savings Bank to the credit of James Trefethen $284.01, and to the credit of Eunice Trefethen $491.72, and on that date both sums had been transferred to the defendant." But it does not appear who James Trefethen was. There is nothing to show that Eunice Trefethen ever had anything to do with the deposit to the credit of. James Trefethen, or that she was aware of its existence. There is no other reference to James Trefethen in the bill of exceptions, or in any of the papers in the case, except the isolated fact above

quoted. It does not appear that Eunice ever had any money on deposit in the Portsmouth Savings Bank except the sum of $491.72, or that she ever had any money on deposit in any other savings bank. There is nothing in the case to show that the first part of the description of what the defendant agreed to transfer, viz. " the moneys originally deposited in her name in the Portsmouth Savings Bank," can, by any elasticity of construction, be held applicable to anything except the deposit in her own name. We have no occasion to consider what would be the rule of law if this were otherwise.

It must therefore be now assumed that the judge found this description to be without ambiguity, and unsusceptible of more than one construction. This being so, the case falls within the rule that, where the descriptive words of a grant are wholly unambiguous, and are followed by a clause repugnant, the second clause is to be rejected. A mistake in the detail will not control the general and perfect description. *Cutler* v. *Tufts*, 3 Pick. 272, 277. *Bott* v. *Burnell*, 11 Mass. 163, 167. *Melvin* v. *Locks & Canals*, 5 Met. 15, 28. *Keith* v. *Reynolds*, 3 Greenl. 393. The grant of a farm, on which J. J. D. now lives, to contain eighty acres, was held to pass the whole farm, containing one hundred and forty-nine acres. *Jackson* v. *Barringer*, 15 Johns. 471. See also Shep. Touch. 100; 3 Washb. Real Prop. (5th ed.) 421, 425. The devise of " all that my farm . . . . called Trogues-farm, . . . . now in the occupation of A. C.," was held to include lands which were a part of that farm, though not in the occupation of A. C. *Goodtitle* v. *Southern*, 1 M. & S. 299. So here; since the words of description are without ambiguity, they must prevail over the inconsistent statement of the amount. If this construction does not carry out the intention of the parties, the defendant's proper remedy was to seek for a reformation of the indenture. Its true construction as it stands is all that is before us.

It further appears that a witness for the defence was allowed to give certain testimony, which was " without contradiction," to the effect that the amount stated in the indenture was the result of a compromise, and that no larger sum was mentioned than $208. This is not equivalent to a statement that the court found his testimony to be true. But even assuming its truth, so long as the indenture stood as it was, and there was no application for

its reformation, and the question was simply as to its legal con-. struction, the testimony given was ineffectual.

The receipt by Eunice of the bank-book, containing a credit of $284.01, which sum had been transferred to her by the defendant, created no estoppel. Various elements of an estoppel are wanting. She appears to have been an ignorant woman. She signed the indenture with her mark. It was read to her, instead of her reading it herself. There may have been a mistake on her part. No injury has happened to the defendant in consequence.

Interest was properly allowed. No demand was necessary. The promise implied a transfer at once.

*Exceptions overruled.*

*P. West & E. B. Callender*, for the defendant.

*H. F. May*, for the plaintiff.