SAMUEL THAYER, Appellant, *v.* GEORGE W. FINTON, Respondent.

While a conveyance will be so construed as to carry into effect the intent of the parties, so far as it can be collected from the whole instrument, yet whatever the intention may be, nothing will pass by a deed except what is described therein.

Where a deed contains an accurate description by permanent boundaries, capable of being ascertained, a statement of quantity in the absence of an express covenant that the land granted contains that quantity, and particularly where the words "more or less" are added, cannot enlarge the conveyance. The quantity, being the least certain part of the conveyance, must yield to the boundaries.

A., plaintiff's wife, was the owner of three parcels of land situate in the town of Barrington, purchased by her of one C.; two of them adjoined and constituted an improved and cultivated farm, the third was an unin-closed and uncultivated wood lot, situated at a distance from the others. A. executed a deed to defendant, the description in which commenced "all that tract or parcel of land situate in the town of Barrington," after giving definite and unambiguous boundaries it closed thus, "containing ninety-five acres of land, be the same more or less, being the same premises now in the possession of the party of the first part in Barrington aforesaid and conveyed" by C. and wife to the party of the first part. The boundaries included the two improved parcels, but not the wood lot. The two parcels, subsequent measurements showed, contained about eighty-eight acres of land, the wood lot about nine acres. In an action to recover damages for alleged trespasses committed by defendants upon the wood lot *held*, that the deed did not convey title thereto.

*It seems* that where, by proof *aliunde* a deed, it is shown that no property answering the description belongs to the grantor at the place indicated, but that he owns other lands in the vicinity, corresponding in some particular to such description, the latent ambiguity thus created may be solved by the further indications afforded by the deed or by extraneous evidence.

(Submitted January 18, 1888; decided February 28, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made the 1st Tuesday of June, 1885, which reversed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was for alleged trespass. The defendant pleaded title. The facts so far as material are stated in the opinion.

*M. A. Leary* for appellant. In construing the description of premises in a deed what is most material and certain must control. (*Doe ex dem. Arden* v. *Thompson*, 3 Cow. 371.) If the boundaries contain more, it passes, if less, the grantor is not liable for the deficiency. (1 Caines, 493; 2 John. 37; 15 id. 471; 18 id. 81; 2 Mass. 380; 6 id. 131; 11 id. 193; 1 Cow. 612.) The words used after the particular boundaries are given are mere surplusage, and neither add to nor subtract from the quantity of lands embraced in the description, nor do they change the boundaries. (*Coleman* v. *M. B. Ins. Co.*, 94 N. Y. 229.)

*Charles S. Baker* for respondent. If the deed may enure, in different ways, the grantees, Eggleston and plaintiff, can elect which way to take it. (*Patten* v. *Stitt*, 6 Robt. Supr. Ct. 431, 436; *Waterman* v. *Andrews*, 1 East. Rep. 25, 27, 28.) In construing the deed all the references to the location and description of the land intended to be conveyed are required to be considered. The object of the law is to ascertain and discover the intention of the parties, and when this may be done, to carry the intention into effect. (*Grandin* v. *Hernandez*, 29 Hun, 399, 402, 403; *Bridges* v. *Pierson*, 45 N. Y. 601, 604; *Morris* v. *Ward*, 36 id. 587, 597; *Keith* v. *Reynolds*, 3 Greenl. 393; *Lodge* v. *Lee*, 6 Cranch, 237; *Ousby* v. *Jones*, 73 N. Y. 621.) From the entire language employed in the deed from Mrs. Thayer and plaintiff to Eggleston, the grantors intended to convey the whole farm that Mrs. Thayer had purchased of Coons. (*Reed* v. *Proprietors of L. & C.*, 8 How. U. S. 274, 289, 290; *Kingsland* v. *Mayor, etc.*, 45 Hun, 198, 203.) It is the intention, when ascertained which governs, and all the language must be considered. (*Grandin* v. *Hernandez*, 29 Hun, 403.) At the farthest the plaintiff, under the evidence, was only entitled to recover nominal damages for an unlawful entry. (*Van Dusen* v. *Young*, 29 N. Y. 9.)

RUGER, Ch. J. The question in this case involves the title to a parcel of land, said to contain about nine acres, in the town of Barrington, in this state, and depends for its solution upon the construction to be put upon the description contained in a deed, dated April, 1864, given by Samuel and Ann Maria Thayer to Stephen Eggleston.

The plaintiff claims as tenant by the curtesy through his wife, Ann Maria Thayer, alleging that the lot was not transferred by the deed referred to; and the defendant asserts title thereto under a deed from Eggleston, plaintiff's grantee, which did describe the premises, and was given in 1867. The question is whether Eggleston derived title through his deed from the Thayers.

It was held by the court at circuit that the deed to Eggleston did not describe the lot in question, and, therefore, did not convey title to the grantee. Upon appeal to the General Term that court reversed the judgment and ordered a new trial, holding the description in the deed indicated an intention of the parties to pass title to the nine-acre lot. Previous to this conveyance Ann M. Thayer, the wife of plaintiff, owned and occupied three parcels of land theretofore purchased by her from Peter Coons and his wife. Two of these lots adjoined, and constituted an improved and cultivated farm of about eighty-eight acres of land, as appeared from a subsequent measurement, and the third parcel is the lot in dispute and was a wild, uninclosed and uncultivated wood lot situated at a distance from the other lands, and containing, as afterwards appeared, about nine acres of land.

The description contained in the deed to Eggleston read as follows: "All that tract or parcel of land situate in the town of Barrington aforesaid and bounded as follows: On the north by lands of William Thayer; on the east by lands of Maryette Bain; on the south by lands of Benjamin F. Freeman, John Rinehart and Abraham Ferris, and on the west by the Crooked lake, containing ninety-five acres and one-half acre of land, be the same more or less, being the same premises now in the occupation of the party of the first part, in Barrington aforesaid, and conveyed by Peter Coons and Jane A., his wife, to the said Ann Maria Thayer of the first part."

It is not claimed on the part of the defendant but that the boundaries contained in the deed, describe a parcel of land clearly and certainly ascertainable, or that the land in dispute is embraced in such boundaries, but it is argued that from the quantity of land mentioned, and the circumstance that it is stated to be land conveyed by Peter Coons and wife to Ann Maria Thayer, it may be inferred that it was the intention of the parties to convey the wood lot, as well as the lands described. We are constrained to think that such a claim is untenable under the established rules of construction applying to conveyances of real estate. While it is the settled rule that such conveyances, shall be construed so as to carry into effect the intent of the parties, so far as such intent can be collected from the whole instrument, it is equally well settled that nothing will pass by a deed except what is described in it, whatever the intention of the parties may have been. (*Coleman* v. *Manhattan Beach Co.*, 94 N. Y. 229.)

The question here presented is whether the parties intended to embrace the wood lot in the description given, or whether, having given a precise and definite description of land, the court is authorized from the inconclusive and indefinite language following the description, to infer an intention to convey another distinct parcel of land, not referred to, and lying at a distance from that described, and confessedly not included within the boundaries given. The rule as stated in the head note of *Jones* v. *Smith* (73 N. Y. 205), seems to be of controlling force in the disposition of this question. It is there said : " When a deed contains an accurate description by permanent boundaries capable of being ascertained, a general reference, in addition, to the premises as in the possession of the grantor or grantee, will not pass title to lands outside of the boundaries given." But little weight can be ascribed to a statement of the quantity of land in the deed as that is followed by the words " be the same more or less," and, according to settled rules, cannot be held to affect the quantity of land included within specified boundaries, when those are clearly and certainly ascertainable. (*Jackson* v. *McConnell*, 19

Wend. 174.) The rule as stated in *Jackson* v. *Moore* (6 Cow. 705) is as follows : " When the quantity is mentioned in addition to a description of the boundaries, or other certain designation of the land, without an express covenant that it contains that quantity, the whole is considered as mere description. The quantity being the least certain part of the description must yield to the boundaries or number of lot if they do not agree." This rule is peculiarly applicable in this case for the quantity of land is incorrectly described, whether the wood lot be held to be included in the deed or not, although the difference is greater in one event than the other.

A leading rule in the construction of deeds is, that what is most material and most certain shall control that which is less material and less certain, and that courses and distances yield to natural visible and ascertained objects. (*Arden* v. *Thompson*, 5 Cow. 371 ; *Jackson* v. *Moore, supra.*) It is not disputed that the boundaries contained in the deed are definite, unambiguous and certain, and describe a known and definite parcel of land, or but that the land described was in the possession of the grantors, and was conveyed to them by Peter Coons and his wife, but it is said that it is not all the land thus conveyed and possessed by them. It is sufficient to say that the deed does not profess to transfer all of the land conveyed by Coons and wife to Mrs. Thayer, but it simply attempts to give additional particulars as to the property actually described and which, so far as they are given, are correctly stated. By confining the grant to the land included within the boundaries, meaning and effect is given to all of the language of the deed except that relating to quantity, which is comparatively immaterial, and the absurdity is avoided of supposing that parties intended to convey a distinct and separate tract of land, remote from the boundaries given, by using inconclusive and general language following a particular description. By the express language of the description the parties have set visible and known limits to the land intended to be conveyed, and it is not the province of construction to enlarge this description and embrace within it other lands not mentioned.

A number of cases are cited in the opinion of the court below, but we are of the opinion that the principles laid down in them were incorrectly applied to this case. When ambiguity or imperfection exists in the description of land contained in a conveyance, it is competent to refer to general language, as well as to all parts of the deed, to locate and identify the property intended to be conveyed. Such are the cases of *Jackson* v. *Barringer* (15 Johns. 471); *Child* v. *Ficket* (4 Me. 471)); *Marr* v. *Hobson* (22 id. 321) and *Grandin* v. *Hernandez* (29 Hun, 399). So, too, where, by proof *aliunde* the deed, it is shown that no property answering the description belongs to the grantor at the place indicated, but other lands in the vicinity, corresponding in some particulars to such description, did belong to him, a latent ambiguity is created which may be solved by the further indications afforded by the deed or by extraneous evidence. The case of *Grandin* v. *Hernandez*, in one of its aspects, was of this character.

We think the error of the court below consisted in the assumption that the description of the premises in question was ambiguous and uncertain, whereas there was not a suggestion on the trial but that the boundaries stated in the deed were capable of exact ascertainment, and described precisely and exactly two specific pieces of property conveyed by Coons and wife to Mrs. Thayer. There is no indication in the deed that Thayer intended to convey three pieces of land, or, indeed, any other land than that included in the description by boundaries.

A further claim is made by the respondent here that the plaintiff, being merely a life tenant, could not recover damages for waste to the land. It is enough to say that the point was not made on the trial and is not now available.

The order of the General Term should be reversed and the judgment at trial court affirmed, with costs.

All concur.

Order reversed, and judgment affirmed.