(8 App. Div. 371)

### PETRIE v. TRUSTEES OF HAMILTON COLLEGE.

(Supreme Court, Appellate Division, Fourth Department.  July 30, 1896.)

DEED—DESCRIPTION OF PROPERTY CONVEYED.

    A deed of the right to divert "the waters of Kirkland Glenn Brook, which runs over my land," does not convey the right to divert the waters

of two brooks running over the grantor's land, neither of which was known by any name, and which, after leaving plaintiff's land, united and formed a stream, not known by any name before the execution of the deed, but designated therein as "Kirkland Glenn Brook."

Appeal from judgment on report of referee.

Action by Jerome R. Petrie against the trustees of Hamilton College. There was a judgment in favor of defendant, and plaintiff appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and GREEN, JJ.

Henry F. Coupe, for appellant.

C. D. & Seth C. Adams, for respondent.

HARDIN, P. J.    Plaintiff was the owner of a farm of 56 acres, described in the complaint.

The referee finds:

"Two small brooks have for some years flowed, and do now flow, across said farm. The source of each of these brooks is a spring upon the land of one Scollard, some distance above the land of the plaintiff. That said springs are over 500 feet apart, and have no connection, and the brooks from them flow down and across the land of the plaintiff over 500 feet apart, and continue to flow separate and apart for about three-quarters of a mile from their sources, where they join below the land of the plaintiff, and flow in one stream, about two miles, to Oriskany Creek. Until the making of the writing hereinafter mentioned, such stream had no name, and was designated in such writing as the 'Kirkland Glen Brook.' Neither of the brooks flowing across the plaintiff's land had any known name."

From the quotation just made, it is very clear that the referee was of the opinion, as the evidence warranted him in finding, that there were "two brooks" flowing across the plaintiff's land. In the instrument of July 26, 1894, the language is of a grant of "the right, privilege, and easement to take from and divert the waters of Kirkland Glen Brook, which runs over my [his] land in the town of Kirkland, county of Oneida, sufficient to supply the Hamilton College Waterworks, to be constructed." Scanning the language just quoted, it is apparent that the paper described only one "brook."

In Groat v. Moak, 26 Hun, 381, affirmed 94 N. Y. 120, it was said:

"We must take into consideration the situation of the parties, the state of the country and of the thing granted, at the time of the grant, to ascertain the intention of the parties. * * * The intent, of course, when ascertained, will control in this construction."

In the course of the opinion delivered in affirmance, it was said:

"It is very clear that the grantor in that deed, for the small consideration then paid by the grantees, did not mean to cripple the large and valuable factory by depriving it of any water power it might need to propel its machinery."

Looking at the surrounding circumstances of the plaintiff at the time he executed the instrument of the 26th of July, 1894, as well as looking at its exact language, it seems unreasonable to put a construction upon the instrument which he executed that shall carry away from him the waters of the south spring. A construction that allows the defendant to take, in virtue of the in-

strument, the waters of Glen Brook, or the north spring, feeding the waters of Glen Brook, seems to give significance to all the language used by the grantor in the instrument. The expression "waters of Kirkland Glen Brook" is descriptive of one brook only; and it is a familiar rule that a conveyance should be so construed as to give force and effect to all the language used; and the other rule is equally clear "that nothing will pass by a deed except what is described in it, whatever the intention of the parties may have been." Thayer v. Finton, 108 N. Y. 397, 15 N. E. 615. In Coleman v. Improvement Co., 94 N. Y. 232, it was said, viz.: "Nothing passes by a deed except what is described in it, whatever the intention of the parties may have been." Upon a careful inspection of the instrument, and of all the evidence before the referee, it seems that he would have been warranted in reaching the conclusion that the waters of the south spring were not granted to the defendant by the instrument which the plaintiff executed. The language used by the learned referee seems to have been somewhat restrictive when he says: "Upon the evidence given upon the trial I find and decide that the plaintiff has failed to make out and maintain his alleged grounds and causes of action, or either of them, and that his complaint should be dismissed." He does not find specifically, as a matter of law, just what was covered by the instrument executed by the plaintiff. Perhaps, however, that is necessarily inferred from his deciding to dismiss the complaint. However that may be, I am inclined, for the reasons intimated above, to favor a reversal and a new trial.

Judgment reversed, and a new trial ordered, with costs to abide the event. All concur.