(36 Misc. Rep. 467.)

POTTER v. BOYCE.

(Supreme Court, Special Term, New York County. December, 1901.)

1. DEED—RESERVATION—BED OF STREET.
    A deed describing land to be conveyed as running "thence south-easterly along the northeasterly side of H. street about 535 feet to P. street, thence northeasterly along the northwest side of said P. street" to an alley, does not convey one-half of the bed of P. street in front of the lands of the grantors on such street, and the effect is not changed by a further recital that said lots are "on P. street." .

2. SAME.
    Where the language of a deed is unambiguous, and clearly excludes the bed of the street on which the lots abut, extraneous evidence is inadmissible to show that it was intended to convey such bed.

Bill by E. Clifford Potter against Caroline M. Boyce for specific performance.   Judgment for defendant.

Parsons, Shepard & Ogden, for plaintiff.
Sayers, Gillespie & O'Connor (John C. Shaw, of counsel), for defendant.

McADAM, J.   The plaintiff asks specific performance of a contract made by the parties, by which, in consideration of the sum of $50,000, the plaintiff agreed to convey to defendant, free from incumbrances, certain premises on West 126th street, in the borough of Manhattan, city of New York.   The defendant contends that the plaintiff cannot give good title, and counterclaims for the amount paid to the vendor on the making of the contract as well as for expenses in searching title.   Part of the premises in question was formerly a portion of the bed of what was called "Phineas Street," a proposed street laid out on a map of property owned about 1806 by Jacob Schieffelin, Thomas Buckley, and John R. Lawrence as tenants in common, which map was made by Adolphus Loss, city surveyor.   In 1811 the co-owners partitioned the property among themselves, and as his share of the estate there was conveyed to Buckley "all the estate   *   *   *   in all that certain piece and parcel of land situate, lying, and being at Manhattanville, in the Ninth ward of the city of New York, commencing at the corner of the Bloomingdale road and Hamilton street, and running thence southeasterly along the northeasterly side of said Hamilton street about 535 feet, to Phineas street; thence northeasterly along the northwest side of said Phineas street about 246 feet, to Blackberry alley; thence nortwesterly along the southwesterly side of said Blackberry alley about 513 feet, to the Bloomingdale road; thence westerly along the southeast side of Bloomingdale road about 200 feet, to the place of beginning,—said land being known and distinguished on a map of Manhattanville, as surveyed and laid out by Adolphus Loss, dated 15th September, 1806, by lots Nos. 10, 12,   *   *   *   on Hamilton street, Nos. 19, 21, 23, 25, and 27 on Phineas street, and Nos. 37, 39   *   *   *   on Bloomingdale road."   The plaintiff concedes that the decision of this case turns upon the question whether Schieffelin and Lawrence reserved from their grant to Buck-

ley their undivided interest in the one-half of the bed of Phineas street in front of the parcels conveyed on that street. The description by boundaries in the deed to Buckley does not convey to him the interests of his co-owners in the one-half of Phineas street in front of the lots thereon. Deering v. Reilly, 167 N. Y. 184, 60 N. E. 447. Neither do the facts bring this case within the principles enunciated in Pell v. Pell, 65 App. Div. 388, 73 N. Y. Supp. 81, and In re Mayor, etc., of City of New York, 20 App. Div. 404, 46 N. Y. Supp. 832, affirmed in 155 N. Y. 638, 49 N. E. 1100. It is claimed by the plaintiff, however, that the mere statement in the description that certain of the lots are "on Phineas street" gives to the grantee the fee of the grantors in the half of the street adjacent to said lots. Hennessy v. Murdock, 137 N. Y. 317, 33 N. E. 330; Pell v. Pell, supra. In the absence of the prior definite description along the sides of the streets, the claim would probably be warranted. But in the Deering Case, supra, which affects the tract of property in question, the lots were also described as being "on" a street (s. c. 38 App. Div. 166, 56 N. Y. Supp. 704), and that circumstance, in the light of the prior definite description, was evidently considered unimportant; for the rule seems to be that, where there is a specific description of real property, in which the point of beginning is placed on the side, or the course is along the side, the soil of the street is excluded, even though there be also a general description by lot numbers. See, also, Van Amringe v. Barnett, 8 Bosw. 357.

The plaintiff further contends that the description in the Buckley deed at least presents an ambiguity; cites facts extraneous to the language of the conveyance itself to show that the grantors intended to part with the fee of the soil in Phineas street in front of the lots in question; and refers to the principle that, in the absence of language which will plainly express the intention of a grantor to exclude from the operation of his grant the soil of the adjacent highway, it is just that doubts should be resolved in favor of his grantee. Holloway v. Southmayd, 139 N. Y. 401, 34 N. E. 1047, 1052. This position seems untenable. The language plainly excludes the roadbed (Deering v. Reilly, supra); and, under the circumstances, extraneous evidence is hardly admissible to ascertain the intent of the parties (Thayer v. Finton, 108 N. Y. 394, 15 N. E. 615). As the court said in Blackman v. Riley, 138 N. Y. 324, 34 N. E. 215:

"It is difficult to conceive of any reason for consciously reserving or failing to convey the roadbed of this road. * * * We cannot think it was ever really intended; yet, nevertheless, we are disposed to hold that, by the language actually used, the grantors in fact failed to convey any portion of the land forming the bed of the road in question."

There must be judgment for defendant. Judgment for defendant.