O'NEIL *v.* POTTER.

DEEDS—RESERVATIONS—RIGHT OF WAY—NONEXISTENT LAND.
An attempt to reserve a right of way over land which has no
existence in fact is inoperative and cannot be given effect
inconsistent with the grant of the deed in which the reserva-
tion is attempted.

Appeal from Eaton; Smith, J. Submitted April 4,
1905. (Docket No. 5.) Decided July 21, 1905.

Bill by Edward O'Neil, an incompetent, by Clara
O'Neil, his next friend, against John C. Potter to estab-
lish a right of way across defendant's land. From a de-
cree for complainant, defendant appeals. Reversed, and
bill dismissed.

*Frank A. Dean* and *Ernest G. Davids*, for complain-
ant.

*George Huggett*, for defendant.

MONTGOMERY, J.  This bill is filed to establish a right
of way across premises owned by defendant, and to enjoin
defendant from interfering with complainant's use there-
of.  The case will be the better understood by the append-
ed map, showing the situation of the premises substantial-
ly as they appeared on the 11th day of August, 1879.

The rectangular figure extending east from the south-
east corner of the main building, known as the "Sherwood
House," was of later construction; but, apart from this,
the map shows the situation of the buildings, with corner
and distances as established by the testimony.

In the platting the lots were made to face Lawrence
avenue, and were 40 feet in width.  There is testimony
that there was an overplus in the block, and the testimony

S. WASHINGTON.

NORTH.
E. LAWRENCE AVE.

SHERWOOD HO.

S. COCHRANE AVE.

is not altogether clear that the lot lines had been establish-
ed by user prior to this time.    Whether we assume that
there was an overplus of some 6⅔ feet belonging to lots 1
and 2, or accept the view of the circuit judge that the
surplus had been apportioned to the four inner lots, mak-
ing them 45 feet, and the outer lot 40, is not very mate-
rial.    The lots are numbered from 1 to 6, commencing at
the west side of the block.

In August, 1879, John Levy owned the north 70 feet
of lots 1 and 2 and the west 25 feet of lot 3 of
said block 23.    Mr. Sherwood formerly owned the same
property, and gave mortgages upon it.    John Levy
acquired title to the south 20 feet of the north 70 feet of
said lots 1 and 2 by sheriff's deed on foreclosure of one of
these mortgages.    He became the owner of the north 50
feet of lots 1 and 2, and the west 25 feet of lot 3, by deed
from A. C. Howard, who had become the owner of the
property by sheriff's deed on foreclosure of the other
mortgages.    August 11, 1879, John Levy and wife con-
veyed by quitclaim deed to George W. Sherwood the
north 50 feet of lots 1 and 2, and in said deed was the
following exception:

"Excepting and reserving the right of way north and
south not less than ten feet in width across said premises
east of said Sherwood house; also excepting and reserving
the south half of the south wall of said hotel building."

The same day (August 11, 1879) John Levy and wife
conveyed by warranty deed the following property:

" Commencing fifty feet south of the northwest corner
of block 23, thence running east along the south line of the
brick hotel building known as the Sherwood house, eighty
feet, thence south twenty and one-sixth feet, thence west
eighty feet, thence north to place of beginning, including
the south half of the south brick wall of said hotel build-
ing, also the right of way across the premises this day
deeded by us to George W. Sherwood and reserved by us
in said deed to said Sherwood."

This property above deeded is immediately to the south of the said hotel. Joseph Lang and wife conveyed by warranty deed the said above-described property to the complainant March 28, 1882. And immediately after the said description is the following language:

"Also a right of way not less than ten feet in width off the east end of the north fifty feet of lots numbered one and two of said block twenty-three."

November 16, 1886, John Levy deeded the west 25 feet of lot 3 to George W. Sherwood; consideration, $1. It is an undisputed fact, testified to by witnesses of complainant and defendant, that the west 25 feet of lot 3 was used by George W. Sherwood prior to November 16, 1886, the date of the last-mentioned deed from Levy to Sherwood. The defendant in this case obtained by warranty deed from Mr. Sherwood, April 21, 1892, the north 50 feet of lots 1 and 2; also a strip of land 25 feet in width and 89 feet in depth, extending south from Lawrence avenue, off the west side of lot 3. Defendant also claims by commissioner's deed given May 9, 1892; said commissioner's deed giving him the north 50 feet of lots 1 and 2; also a strip of land 30 feet in width and 100 feet in depth, extending south from Lawrence avenue, off the west side of lot 3.

In August, 1879, the Sherwood House, or Hotel, was occupied by Mr. Sherwood for hotel purposes, and had been so used from about the year 1871. It consisted of a three-story brick structure, 50 feet in width by 80 feet deep, fronting on Cochrane avenue, and situated on the southeast corner of Cochrane and Lawrence avenues. The south half of the first story was used for store purposes, and the north half for the office, washroom, and baggage or sample room connected with the hotel, and a hallway leading from the south side of the office running back to a door at the east end of this hallway. The south half of the second story was used as the dining room of the hotel, at the front of the building, with kitchen in the rear; and the north half contained the hotel parlor in

front, with rooms back for hotel and family use. This story was divided in the middle by a hallway reached by a flight of stairs from Cochrane avenue, and connected at the foot thereof by a door with the office. This hallway also led to a door at the east end thereof, and contained a stairway to the third story, which story was entirely used for rooms for the hotel. On the east was an open stone and cement cellarway, 3 feet and 4 inches between the walls, leading down to a door in the south basement of this building. Over this was a covered or inclosed stairway, passing down from the back door of the second story hallway to or near the southeast corner of the brickwork of the building, and then to the back yard. Back of the brick building between 20 and 30 feet, and a little south of its center, stood a substantial two-story wooden building, erected at the time of the building of the hotel, for closets. The second story of this building was for the use of the female guests and women inmates of the hotel, and the lower story for the men. The women's closet was attached to the main building by an inclosed walk or passageway, connecting with the stairway going down from the back hall door above mentioned, and was supported by pillars or posts passing down to the ground below. Beneath this passageway was a board or plank walk, constructed from the back door or lower hallway to the men's closet. On Lawrence avenue stood the hotel woodshed—a board structure commencing about 14 feet east of the main building, and running east along the street line to a point about 1 foot, or a little more, east of the premises now owned by the defendant. The north side of the woodshed and the fence therefrom to the northeast corner of the main building were so constructed as to be used for bill boards.

The circuit judge decreed that complainant was entitled to a right of way 10 feet in width across lots 1 and 2, immediately east of the brick building formerly known as the "Sherwood House," now the "Pythian Temple." It was not found that the complainant had used a right of

way at this point, nor does the evidence show such user. On the contrary, access has been gained to complainant's land by use of the private alley east of the woodhouse. The circuit judge, in deciding the case, laid stress upon the fact that Levy, at the time he conveyed to Sherwood, owned the west 25 feet of lot 3, and was of the opinion that he intended to include that description in the deed of August 11, 1879. The bill does not ask that this deed be reformed, nor does it set out sufficient facts to justify a reformation. The fact that Levy may have intended to reserve a right of way out of land which he proposed to convey on lot 3 cannot establish a right of way inconsistent with the grant of his deed by a reservation over land which has no existence in fact. *Thayer* v. *Finton*, 108 N. Y. 394. If the usual sense be given to the words of this reservation, "East of said Sherwood House," the right of way would fall wholly outside of lots 1 and 2, and wholly on lot 3, as the water-closets were so connected with the main building as to form a part of it. If, however, the reservation could be saved by giving a more restricted meaning to the words, "Sherwood House," it would, within the settled rule that a deed is to be construed most strongly against the grantor, be our duty to give the words such restricted construction. We are not, however, able to find that anything was reserved in this deed, without doing direct violence to the words employed. The main walls of the Sherwood House extended nearly 81 feet. The stairway to the basement and its wall occupied substantially every remaining inch of lots 1 and 2. And this was too clearly a part of the Sherwood House to admit of cavil. It results, then, that there was an attempt to reserve a right of way over land which had no existence in fact, and the reservation must be held inoperative.

What the complainant's rights might have been, had there been a timely application to reform the deeds under which he claims, we need not determine. We are convinced that, as to the right of way claimed, both by failure

of any operative reservation in the deed of August 11, 1879, and by reason of adverse occupancy, the complainant's claim of right is unfounded.

The decree is reversed, and the bill dismissed, with costs of both courts to defendant.

MOORE, C. J., and CARPENTER, MCALVAY, and GRANT, JJ., concurred.