Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, etc., for the 'Opening of Lawrence Avenue, etc.

(Supreme Court, Kings Special Term for Motions, February, 1917.)

Deeds — what passes by — descriptions contained in — parties to — mortgages — when no additional property passes — insertion of words "being the same premises."

Nothing passes by a deed of conveyance except what is described therein, no matter what the intention of the parties may have been.

Where the description of land, by metes and bounds, stated in a purchase-money mortgage, does not include land in the street, the insertion of the words "being the same premises" conveyed to the mortgagor passes no additional property though the land in the street was expressly included in the deed to the mortgagor.

APPLICATION to obtain payment of an award.

Benjamin Trapnell, for the petitioner.

Lamar Hardy, Corporation Counsel (Paul Jones and Andrew C. Troy, of counsel), for the City of New York.

CROPSEY, J. This is an application to obtain payment of an award made to an unknown owner. The proceeding covers many streets, among them a portion of East Fifteenth street, and the parcels in question

were taken upon the opening of that street. Prior to June, 1911, the property in question lying in East Fifteenth street and the abutting property on both sides of that street were owned by people named Luck. In June, 1911, they conveyed to the Creekhurst Realty Company the property situated on both sides of East Fifteenth street describing each parcel by metes and bounds and adding that the conveyance included all right and title to property located in the street. This deed also conveyed a third piece of property not located on East Fifteenth street and which did not abut upon either of the other parcels. At the time of making this conveyance the Creekhurst Realty Company gave a purchase money mortgage to Wood-Harmon Warranty Corporation. This mortgage covered the three parcels conveyed by the deed and by similar descriptions of metes and bounds but it did not contain any reference to the land in the street. It did, however, contain the provision that the premises so mortgaged were " the same premises which were conveyed to the party of the first part by deed delivered and intended to be recorded simultaneously herewith, this mortgage being a purchase money mortgage and given to secure a portion of the purchase money or consideration in said deed expressed." The mortgage contained the further provision that the mortgagee should have the option in any foreclosure action to have the premises sold as one parcel. Later there was a foreclosure of this mortgage and a sale thereunder and a deed made to the mortgagee who took an assignment of the bid. This was in September, 1912. Some time later the city took title to the land in question in this proceeding and later awards were made. The Wood-Harmon Warranty Corporation has applied for those awards claiming it was the owner of the land taken at the time title vested in the city. The matter

Supreme Court, February, 1917.        [Vol. 99.

has been referred and the referee's report has now been returned. He recommends that the application of the petitioner be denied on the ground that no title in it is shown.

There are no controverted questions of fact. The only question is one of law arising out of the construction to be given to the mortgage, as to what property was covered by it.

The description of each of the three parcels described in the mortgage is a complete description of that parcel. The metes and bounds are given and each of the descriptions describes a complete piece of property. The mortgage does not expressly cover any land in East Fifteenth street and if the provision that the premises mortgaged were the same as those conveyed to the mortagor was not contained in the mortgage there could be no question that the land in the street was not covered by it. The question is whether the insertion of that provision has the effect of making the mortgage cover the land in the street, that is, premises that are not specifically described. The land in the street was expressly included in the deed to the mortgagor. It was not expressly included in the mortgage.

The petitioner argues that the insertion of the provision referred to makes the mortgage cover the land in the street although it is not contained in the specific description and it cites and relies upon *Bernstein* v. *Nealis,* 144 N. Y. 347. But that case cannot aid the petitioner. It plainly shows what the proper rule is, namely, that where the description in a conveyance is ambiguous or imperfect then a general provision such as the one in question will be given effect and the parties will be deemed to have intended to convey what the general description would indicate. To the same effect is *Grandin* v. *Hernandez,* 29 Hun, 399, and *Jackson* v. *Barringer,* 15 Johns. 471. Where, however,

Misc.]          Supreme Court, February, 1917.

there is no ambiguity or imperfection in the description, the specific description will control and no property will be deemed to pass under a conveyance by reason of any such general language; all that passes is what is specifically described. *Jones* v. *Smith,* 73 N. Y. 205; *Thayer* v. *Finton,* 108 id. 394.

The description in the mortgage here in question clearly brings it within the cases last cited. Here there is no ambiguity and no imperfection in the description. The descriptions of the parcels are specific and give the metes and bounds accurately. The addition of the words, " being the same premises " conveyed to the mortgagor, add nothing. No additional property passes under this clause. The land in the street admittedly does not pass under the specific descriptions and hence is not included in the property covered by the mortgage. As was pointed out in *Thayer* v. *Finton,* 108 N. Y. 394, 398, the mortgage " does not profess to transfer *all* of the land conveyed " to the mortgagor, " but it simply attempts to give additional particulars as to the property actually described and which, so far as they are given, are correctly stated."

While the intention of the parties is to be considered, it is settled that nothing will pass by a conveyance except what is described in it, no matter what the intention of the parties may have been. *Coleman* v. *Manhattan Beach Imp. Co.,* 94 N. Y. 229, 232. And as stated in the *Thayer* case (p. 398) : " By the express language of the description the parties have set visible and known limits to the land intended to be conveyed, and it is not the province of construction to enlarge this description and embrace within it other lands not mentioned."

The suggestion of the petitioner's counsel that the mortgage covers the same property that was conveyed by the deed because it is a purchase money mortgage

cannot prevail. A purchase money mortgage may or may not cover the same premises as the deed. The question remains in each case whether the purchase money mortgage does cover all the property conveyed by the deed. Under the authorities it seems plain that the mortgage in this case did not cover all the property conveyed and so *DeGarmo* v. *Phelps,* 176 N. Y. 455, has no application. The application of the petitioner is, therefore, denied.

Application denied.