# KENT COUNTY.

JOHN J. DOYLE *et ux. vs.* HENRY MELLEN.

When the boundaries of land conveyed by deed are definitely given, and the area is stated as so much, "more or less," the fact that the actual area is less than stated does not make the description by boundaries uncertain.

In case of a discrepancy in area, the boundary lines given and ascertained must control, unless it appears that an exact quantity of land is the thing granted.

A mortgagor and his assigns hold the mortgaged realty in privity with the mortgagee, and subject to the mortgagee's rights.

Hence, when the mortgagee sells under the power of sale in the mortgage, an assignee of the mortgagor in possession does not hold the realty adversely to the purchaser.

| 15 | 523 |
| 23 | 605 |
| 15 | 523 |
| 27 | 559 |
| 15 | 523 |
| 30 | 189 |

DEFENDANTS' petition for a new trial.

*Providence, March* 19, 1887. STINESS, J.    David G. Hall, in September, 1869, owned a farm in Warwick, called the Battey farm, containing about one hundred acres. This included a triangular lot of two or three acres at the southwest corner of the farm, which had previously been deeded to the owner of the Wightman farm adjoining, by heirs of Russell Battey, although they held no legal title. The purchaser, however, took possession of the lot and fenced it off, but the whole had come into Hall's possession in A. D. 1869 as the owner of both farms. He then

gave a mortgage of the Battey farm to Sarah T. Battey, describing it as such, and by boundaries which included the triangular lot in question, by measurement as "containing 97 acres, more or less;" and also by reference to a previous deed to him, reciting the same boundaries, but much smaller measurement. In May, 1871, Hall sold the Wightman farm and this triangular lot to the defendant, making no mention of the mortgage then outstanding on the Battey farm, and under this deed the defendant entered into possession. We make no other reference to the deeds from the Batteys, because they had no title to convey; and whether they had or not is immaterial, since Hall was the sole owner of both farms when the mortgage was given.

In May, 1884, the Battey farm was sold under the mortgage to Walter M. Greene, who, in December, 1885, sold to George E. Aldrich, and Aldrich sold to Mrs. Doyle, who now sues for possession. At the trial the court directed a verdict for the plaintiffs, and the defendant petitions for a new trial. He contended that there was an uncertainty and inconsistency in the description which entitled the jury to find that the triangular lot was not included in the mortgage and so did not pass to the plaintiffs. If the only description were the "Battey farm," evidence to show what it included would be pertinent. But that is not the case. Boundaries are given which include the lot sued for. The only question, then, is whether the fact that the area mentioned is smaller than it should be with the triangular lot included, makes such an inconsistency in the description as to warrant the inference that the description by boundaries is uncertain or incorrect. The rule is well settled that in case of a discrepancy in area, the lines of ascertained boundaries must control, unless there is such an averment or covenant of quantity as to show that the exact quantity was the thing granted. 3 Washburn on Real Property, 3d ed. *630, and cases cited. The case of *Waterman* v. *Andrews*, 14 R. I. 589, was within this exception. The boundaries in a deed did not include a lot which had been part of a farm, and which, with the remainder of the farm, exactly made up the area of 46 acres, given in the deed. Reference to another deed by way of consideration showed that the two were partition deeds, and that, if the area of 46 acres was not maintained, a small lot

of trifling value was left undivided. It was evident that the thing granted was the whole area. It was mentioned first in the description, and was necessary to a complete division of the land. It was held, therefore, that the description by area must control. But this case is widely different from that one. The reference to area here is " more or less," an estimate or approximation, while the deed referred to has the very same boundaries, and the lot in question was always included in the Battey farm. There is no inconsistency, and nothing to show that the description by boundaries was not what it was intended to be. The defendant also contended that the deeds from Greene and Aldrich did not convey title to Mrs. Doyle, because the grantors were disseized when they gave them by reason of his own possession of the land. Much of his argument is devoted to the occupation of the lot before Hall's purchase, which is of no consequence in this case, for both title and possession were in Hall at the time of the mortgage. When the defendant bought the lot, he had a right to enter and occupy until his title should be determined by a sale under the mortgage. The effect of his occupation after the sale is, therefore, the only matter that concerns us. In the recent case of *Wittington* v. *Flint*, 43 Ark. 504, 51 Amer. Rep. 572, this subject has been carefully examined; and it is there held that possession by the grantee of a mortgagor under a deed of warranty will not be deemed to be adverse to the mortgagee without an explicit denial of holding under him brought to his notice. The mortgagor and his assigns hold in privity with the mortgagee and in subordination to his rights. There has been some diversity of opinion about the character of the mortgagor's holding, but none about the result. Shaw, C. J., in *Hunt* v. *Hunt*, 14 Pick. 374, says, pp. 385, 386 : " It is very clear that a mortgagee cannot be disseized by the mortgagor ; being tenant at will, his possession is not adverse." In *Doe dem. Jones* v. *Williams*, 5 A. & E. 291, Mr. Justice Patterson said, p. 297 : " One is much at a loss as to the proper terms in which to describe the relation of mortgagor in possession and mortgagee. In *Partridge* v. *Bere*, 5 B. & A. 604, such mortgagor is held to be tenant to the mortgagee ; sometimes he is said to be bailiff of the mortgagee, and in a late case Lord Tenterden said that his situation was of a peculiar character, but

it is clear that his possession is, at all events, not adverse to the title of the mortgagee." See, also, Jones on Mortgages, § 703, and cases cited. In *Zeller's Lessee* v. *Eckhert*, 4 How. U. S. 289, it is held that, where possession is subordinate to and in privity with the title of the rightful owner, nothing short of an explicit disavowal of a holding under that title can be taken as an adverse holding.

Whether we regard one who owns the equity of redemption as a tenant, or as one holding in privity with and subject to the mortgagee's right of entry, his holding is not inconsistent with the title of the purchaser at the mortgagee's sale. There is, therefore, no adverse holding, no ouster of the owner, and no disseizin, " until the possession before consistent with the title of the real owner becomes tortious and wrongful by the disloyal acts of the tenant, which must be open and notorious, so as to preclude all doubt as to the character of the holding or the want of knowledge on the part of the owner." *Zeller's Lessee* v. *Eckhert*, 4 How. U. S. 289, 296; Jones on Mortgages, §§ 672, 703, and cases cited.

A tenant's possession does not change its character by an owner's giving a deed to another. If one was not in hostile occupation before the deed was given, he would not be afterwards until some change should show that the possession had ceased to be subservient and had become adverse. In this case the defendant was rightfully in possession at the time of the sale; his holding was not adverse to the purchaser who permitted him to remain in occupation, and nothing occurred afterwards to change the character of the holding on the part of the defendant. It follows, therefore, that there was no disseizin of the mortgagee and his assigns, and that their deeds were not invalid on that account. We see no defence to the plaintiff's title, and think the verdict in their favor was rightly directed.                   *Petition dismissed.*

*Irving Champlin,* for plaintiffs.

*Patrick J. McCarthy,* for defendant.