CHARLES L. AHERNS *vs.* GEORGE E. DREW ET ALS.

Third Judicial District, Bridgeport, October Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 22d, 1929—decided January 24th, 1930.

*Thomas J. Ryle,* for the appellant (plaintiff).

*John T. Dwyer,* for the appellees (defendants Ira W. and Bertha M. Mead).

*Louis Goldschmidt,* for the appellees (defendants George E. and Frederica L. F. Drew).

MALTBIE, J. The plaintiff brings this action to recover of the defendants damages for deficiency of the

acreage in certain premises he bought of the defendants Drew. The complaint sets out the descriptive clause of the deed, which stated the land to be "in quantity fifteen acres more or less," and then bounded it southerly upon a highway and elsewhere upon the lands of others; it then recites the general covenants of the deed, which are those usually found in warranty deeds, and alleges that instead of there being the quantity stated in the deed there was in fact but eight and two tenths acres. The trial court has found the last allegation to have been proven. It has also found that the land was rough and hilly in contour and a considerable portion of it was covered with wood and small growth; that the tract was irregular in shape, but each boundary line was fairly well designated by fence or stone wall; that the plaintiff's brother, acting as his agent, visited the premises, was shown about the property, had the boundaries pointed out to him and saw or could have seen them; and that the plaintiff in fact received all the property the Drews had agreed to sell to him and all that he had agreed to buy. The trial court concluded that the sale was of the actual quantity of land within the designated boundaries without reference to quantity or measure and that the statement as to acreage was merely a matter of description. Unless the finding can be successfully attacked the plaintiff obviously cannot recover. The ordinary rule is that where land is particularly described by metes and bounds and an enumeration of the quantity of acres is added, the latter is merely a matter of description, and a covenant for quantity will not be implied therefrom, and the covenants for title will apply, not to any particular number of acres, but only to the land contained within the designated boundaries; it is only when it is apparent that the deed was intended to assure a particular quantity of land to the pur-

chaser that a covenant as to quantity can be implied. *Snow* v. *Chapman,* 1 Root, 528; *Thayer* v. *Finton,* 108 N. Y. 394, 15 N. E. 615; *Doyle* v. *Mellen,* 15 R. I. 523, 8 Atl. 709; *Brassell* v. *Fisk,* 153 Ala. 558, 45 So. 70; 2 Devlin on Real Estate (3d Ed.) §§ 953, 1044; 3 Washburn on Real Property (6th Ed.) § 2322.

The plaintiff seeks a number of corrections in the finding, but except in the respects we shall hereafter consider they are either immaterial or cannot be justified upon the basis of the evidence in the case. He seeks to have added to the finding a statement that prior to the signing of the contract of sale the Drews represented to his agent that there were fifteen acres more or less of land in the tract and all negotiations for the purchase of the property called for fifteen acres more or less. An examination of the testimony given by the Drews discloses that on several occasions during the negotiations they were asked as to acreage and said that the deed to them called for fifteen acres and they were selling it for that, but that they had never had the land surveyed and did not know how much there actually was. To the extent of incorporating these facts the finding can properly be corrected. The plaintiff further requests an addition to the finding of a statement that he relied upon the representations as to acreage made to him by the Drews and the striking out from the finding of the statement that he received all the property he agreed to buy and the defendants agreed to sell to him. These corrections we cannot make. As already noted, the finding states that the plaintiff's agent was shown around the farm and had the boundary lines pointed out to him. The price agreed to be paid for the property was $10,000, but there were upon it buildings testified to be worth from $7500 to $8000. Upon the basis of the evidence before it the trial court might reasonably have inferred that

it was the house and other buildings and the portion of the land near the highway upon which they stood and that in their immediate vicinity which was the part of the property constituting its principal value and which the plaintiff really desired to buy, that with this the plaintiff, through his agent, was made well acquainted, and that the discrepancy in acreage was in regard to back land, largely rough, covered with woods and small growth, and relatively of little value. The court might well have regarded the representations made to him by the Drews as effectually putting him upon notice that the acreage in the tract was unknown and have concluded that he was willing to take the risk as to it. It might reasonably have inferred that he did not rely upon the representations made to him as stating the quantity of the land even approximately and meant to buy just what was actually conveyed to him, the premises included within the bounds given, regardless of the acreage.

We cannot say that the conclusions drawn by the trial court were unreasonable, illogical, or contrary to law and they must therefore stand. This makes it unnecessary to consider a number of questions of law which the record suggests.

There is no error.

In this opinion the other judges concurred.