152 A.2d 289 (1959)
Nathan Walter SUPLEE, George J. Schulz and Mary D. Schulz, L. P. Faucett, Inc., a corporation of the State of Delaware, Madison M. Gray, Carl Springer, Inc., a corporation of the State of Delaware, suing in their own behalf and in behalf of all others similarly situated, Plaintiffs,
v.
John P. ECKERT and Gail Bond Eckert, Defendants.
Court of Chancery of Delaware, Sussex.
March 23, 1959.
Supplemental Opinion April 13, 1959.
Second Supplemental Opinion May 22, 1959.
*290 James M. Tunnell, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, for plaintiffs.
John P. Eckert and Gail Bond Eckert, pro se.
SEITZ, Chancellor.
This action is brought by six plaintiffs in their own behalf and in behalf of all others similarly situated, against two named defendants. The complaint seeks to have the court remove a cloud from the asserted title to certain lands in Fenwick Island which were subject to the lien of a mortgage when the mortgage was foreclosed. Though it is a class action, the class is defined as being limited to those persons, like plaintiffs, who hold title under the sheriff's deed resulting from this foreclosure.
Defendants, by their answer and by answers to the interrogatories propounded by plaintiffs, deny plaintiffs' title to the lands in question and aver that they are the owners thereof. Defendants seek no affirmative relief; they merely seek to have the court deny plaintiffs' prayers and dismiss their action.
In certain of their answers to interrogatories, and elsewhere, defendants assert that they own "all of Fenwick Island". The land as to which relief is sought by the complaint, however, only constitutes a part of Fenwick Island. Therefore the issue before the court is not the ownership of Fenwick Island, but is confined to that part of it as to which plaintiffs seek relief, namely the land described in the mortgage referred to in the complaint.
The mortgage in question contains a description of certain lands situate in Fenwick Island. Plaintiffs claim title to these lands by virtue of a sheriff's deed given to them or their predecessors in title upon foreclosure of that mortgage. Defendants aver that plaintiffs do not have title to all of the lands described in the foreclosure deed, because the mortgagor had conveyed portions of its land to others prior to the recording of the mortgage, and because certain other portions of the mortgagor's lands were released from the mortgage.
This dispute gives rise to the first issue in the case, namely, precisely what lands are involved in the controversy? More particularly, do the lands in dispute consist of those described in the foreclosure deed, as claimed by plaintiffs, or were portions *291 of such lands conveyed away prior to recordation of the mortgage or released therefrom thereafter, thus restricting the dispute to the lands described in the foreclosure deed, minus specified portions thereof, as claimed by defendants.
This court has ruled that since plaintiffs have a prima facie record title to all of the lands described in the foreclosure deed, the burden is on defendants to prove that such description embraces lands not subject to the mortgage. See letter, dated September 30, 1958.
Following the court's letter, and following defendants' answers to certain interrogatories (see interrogatories, answers, filed 3-3-58 and 12-5-58) plaintiffs resolved this issue by an abandonment of their assertion of title to all of the lands described in the foreclosure deed. Their attorney addressed a letter to the court, bearing date of January 21, 1959, which stated in part:
"Therefore, although the plaintiffs' prayer is for `cancellation' of a certain tax deed which conflicted with the foreclosure deed, it follows that the scope of plaintiffs' remedy must be limited in the final judgment in this action by subtracting from the description appearing in the sheriff's foreclosure deed, and in the complaint in this cause, the following portions thereof:
"1. The two parcels excepted from the foreclosure proceedings by the 1939 restraining order, which the Court of Chancery issued on the eve of the foreclosure sale.
"2. All the lands deeded away by the Fenwick Island Land Company prior to the recording of the mortgage. It was recorded on September 10th, 1908.
"3. All the 88 lots released from the mortgage by the release of which a copy was attached as an exhibit to the defendants' answers (filed on or about March 3, 1958)."
With respect to the initial issue of what land is in dispute, it now appears that both plaintiffs and defendants are in agreement that the court is concerned only with the lands described in the foreclosure deed, minus: 1) the two described parcels excepted therefrom in the foreclosure deed itself, 2) all lands deeded away by the mortgagor prior to the recording of the mortgage on September 10, 1958, and 3) the 88 lots described in the release of the mortgage. See defendants supplemental answers to interrogatories filed 12-5-58, which indicate defendants now claim only 88 lots were released. Plaintiffs agree that all lots deeded away prior to recording of the mortgage are to be excepted from the land in dispute. While not entirely clear, such lots seem to be included in the 88 lots which were identified by defendants as being released lots. See defendants' supplemental answers to interrogatories sworn to December 5, 1958, answer to interrogatory No. 3. If this is true, defendants have purported to give record references concerning such lots. Unless plaintiffs put these record references in issue within a fixed future time they will be taken as true. One question may be as to whether the dates are the deed dates or the recording dates. Defendants may not hereafter refer to other lots.
Plaintiffs claim record title to the lands in dispute, as set forth above, by virtue of the foreclosure deed. Defendants dispute plaintiffs' claim on several grounds, as follows:
First: Defendants take the position that the tax deed gave them record title (free from encumbrance of the mortgage) and hence that the mortgagor owned no lands on which the mortgage could later be foreclosed. The Supreme Court opinion in Shockley v. Abbott Supply Co. compels a rejection of this contention. See 11 Terry 510, 135 A.2d 607.
Second: Defendants aver that plaintiffs do not have record title to the *292 lands in dispute by virtue of the foreclosure deed, because, for various reasons, both the mortgage and foreclosure proceedings were invalid. The court has ruled that defendants may not attack the validity of the mortgage or the foreclosure proceedings. See letters, dated September 30, 1958 and October 22, 1958.
Third: The defendants aver that plaintiffs have no title to a portion of the lands in dispute, namely the lands once known as "James Fassett's part of `Lydias Pasture'", consisting of 110 acres, because:
1. The mortgagor, Fenwick Island Land Company, did not own these 110 acres at the time the mortgage was put on; defendants assert such land was not owned by the mortgagor at that time;
2. That Fenwick Island Land Company began the adverse possession of this portion of the lands in dispute in 1902;
3. That in 1908 when the mortgage was entered, the mortgagor did not own these lands, but merely had an adverse possession claim that had run for 6 years; 14 years short of the statutory period;
4. That though the mortgage description included these 110 acres, the mortgage did not attach to them, because the Fenwick Island Land Company did not own these lands until about 1922 (or 1925), at which time its adverse possession claim matured by the running of the 20-year statute of limitations, 10 Del.C. § 7901 et seq.
5. That at the time of the tax sale in 1936, the company then owned said lands, not by virtue of deed but by adverse possession, and title to same passed to defendants' predecessor by the tax deed.
6. Defendants aver, therefore, that they have title to these 110 acres "by reason of the possession thereof by said Fenwick Island Land Company to the date upon which it was divested of its title thereto by reason of the tax sale thereof to William P. Short and the conveyance from said William P. Short to the defendants." See defendants' answers to interrogatories January 2, 1958, also see answers filed April 9, 1956 and letters from defendants themselves dated October 15, 1958.
Defendants' position, being premised as it is on the conclusion that the mortgage could not and did not attach to these lands, would seem to raise a legal question. The description in the mortgage included these lands, and conveyed to the mortgagee "all * * * rights * * * whatsoever thereunto belonging". Assuming the mortgagor did not own these lands, but merely had laid the foundation for an adverse possession claim, did it or did it not legally encumber that interest (6 years adverse possession) when it executed the mortgage, or by virtue of the later ripening of its adverse possession?
If its interest was included in the mortgage, the deed executed by the sheriff upon foreclosure of that mortgage would give a superior right to the lands to the plaintiffs, as between them and defendants. If the mortgage did not legally attach to the 110 acres, the title thereto would not be a matter for determination in these proceedings.
Aside from the James Fassett portion of the lands in dispute, defendants assert that they personally (not through mortgagor) have been in adverse possession of Blocks 75, 76 and 132 (approximately 15 acres) of the remainder of said lands for more than twenty years. See letters, October 15, 1958 and October 14, 1958. Plaintiffs do not dispute defendants' record claim as to 10 of these lots on which defendants reside, but do dispute the rest. See letter dated February 13, 1959. This factual dispute, as to defendants' adverse possession of Blocks 75, 76 and 132 (minus the 10 lots on which defendants live) would have to be resolved by trial.
Since defendants' adverse claim through their own personal possession extends only to the above 15 acres, it would appear that as to the remainder of the land embraced *293 in the mortgage description (except for that which plaintiffs now concede should be removed and that in the Fassett tract) there is no dispute.

Summary
As to the 110-acre portion (Fassett tract), there is a legal issue as to whether or not the mortgage covered such land because the mortgagor had only adversely possessed such land six years at the time the mortgage was given. If plaintiffs cannot sustain their title to this portion on the basis of the mortgage foreclosure, then any question of title to such land will not be decided herein.
Since plaintiffs rely first upon the legal contention mentioned, it presents a legal problem based on undisputed facts. The court concludes that this issue should be determined prior to any trial of the other issue. In this way the parties can try the remaining factual issue free of any question as to other undecided matters.
As to the defendants' defense to the action on the ground that they have adversely possessed Blocks 75, 76 and 132 (except as to the 10 lots to which they have record title), I conclude that such matter can only be resolved by trial. I further conclude that the trial on this issue should await a determination of the legal issue as to whether or not plaintiffs can base their title to the Fassett tract upon the deed obtained as a result of the mortgage foreclosure.
In order to be entirely fair the court has decided to give the parties an opportunity to comment on this opinion before implementing it by appropriate order. Any comments the parties may desire to make should be sent to me by memorandum or letter mailed or filed not later than April 3, 1959.

Supplemental Opinion
I have received the comments of the parties on the opinion of March 23. I am supplementing my prior opinion in the respects herein mentioned.
In my prior opinion I concluded that there were 88 released lots. I am now persuaded that there may have been more than 88 lots released from the mortgage. Therefore, all lots released prior to the mortgage foreclosure will be excluded from the operation of the judgment to be entered herein.
In addition to the 110-acre tract and the 15 acres area (west of Dukes Avenue) claimed by defendants and discussed in the prior opinion, the defendants also claim 30 acres out of the 70-acre tract located at the northern end of Fenwick Island. Defendants claim this land on the theory that the mortgage description covered this area but that it was not in fact owned by the Fenwick Island Land Development Company at the time the mortgage was given. Defendants apparently say that thereafter the Fenwick Island Company did acquire title to such land by adverse possession. Thus they say it was covered by the defendants' tax deed.
This contention would seem to raise the same legal issue as I ruled in my prior opinion is applicable to the 110-acre tract. It can therefore be briefed at the time that issue is briefed.
Defendants also claim an area designated as 30 acres of Fishing Harbor east of Dukes Avenue. They tacitly concede that the land was properly covered by the mortgage. The defendants seem to claim this land based upon their tax deed. However, they also seem to claim it on the basis of adverse possession since 1932.
To the extent the claim is asserted on the basis of the tax deed, it is clear that the claim is asserted through the Fenwick Island Company. The Supreme Court of Delaware has decided that the mortgage foreclosure gave a title which was superior to the tax deed title. Consequently, defendants cannot claim this area on the basis of their tax deed.
*294 It thus appears that the only claim defendants could make to this area would be based upon adverse possession. Whether defendants can show an adverse use of this land for the requisite 20-year period, I need not now decide. That matter must await the trial.
I now conclude that the parties should first brief the legal issue as to whether or not the mortgage foreclosure covered the 110-acre tract mentioned in the prior opinion as well as the 30-acre tract at the northern end of the Island, first mentioned herein.
Plaintiffs' counsel should present an order on notice incorporating the rulings on these opinions. It should also contain a provision wherein the court will fix the times for the filing of an opening, answering and reply brief and for an oral argument.

Second Supplemental Opinion
In its last opinion this court determined that a certain legal issue applicable to two tracts of land on Fenwick Island claimed by defendants should first be argued and decided. That issue posed by the court for argument was whether or not the mortgage foreclosure purported to embrace the two tracts claimed by defendants under a tax sale deed.
Plaintiffs cite numerous authorities to the effect that under either the theory of estoppel or of "dating back" the foreclosed mortgage covered any land purportedly mortgaged even though the mortgagor's title by adverse possession had not yet but subsequently ripened. These rules also apply to persons claiming under such mortgagor. See 36 Am.Jur., Mortgages, § 241, page 811; Tully v. Taylor, 84 N.J.Eq. 459, 94 A. 572, L.R.A.1918B, 731; Townsend v. Boyd, 217 Pa. 386, 66 A. 1099, 12 L.R.A.,N.S., 1148; 1 Am.Jur., Adverse Possession, § 13, page 797; 2 C.J.S. Adverse Possession § 203. Consequently, the title obtained by the purchaser at the mortgage foreclosure sale embraced all such land.
Defendants, at least now, apparently do not challenge the soundness of the law cited by plaintiffs. Rather, as I understand it, defendants now contend that the mortgage description itself did not embrace the two tracts of land claimed by defendants, and therefore the ripening of the mortgagor's adverse possession title to these two tracts did not bring them within the terms of the mortgage. Certainly, the title obtained by the purchaser at the 1939 mortgage foreclosure sale could not embrace land not described in the mortgage. But were these two tracts claimed by defendants under their tax deed excluded from the mortgage description of 1908?
The pertinent mortgage description, which is followed in the deed subsequently given the purchaser at the foreclosure sale, is as follows:
"All that certain tract or parcel of land situate in Baltimore Hundred, County of Sussex and State of Delaware, adjoining lands belonging to the Fenwick Island Light House, and bounded on the South by the Maryland State Line, on the East by the Atlantic Ocean, and on the North and West by the Assowoman Bay, containing two hundred thirty-eight (238) acres of marsh, beach and upland, more or less, with a dwelling house and other buildings thereon, being all that portion of Fenwick Island lying in the State of Delaware."
The tax deed relied upon by defendants described the land involved as follows:
"All their right, title and interest in and to all that certain tract, or parcel of land, situate in Baltimore Hundred, Sussex County, Delaware, bounded on the East by the Atlantic Ocean, on the South by Maryland State Line, and on the West by Assowoman Bay, containing three hundred eight (308) acres of land, more or less, with improvements."
*295 The 1908 mortgage description purported to cover all of Fenwick Island lying within the State of Delaware. This is important because defendants do not suggest that the two tracts which they now claim were not in 1908 part of what is known as the Delaware portion of Fenwick Island. Even more important, the mortgage description gives boundary lines and defendants do not suggest that the claimed tracts do not fall within such boundaries. Nevertheless, defendants seem to argue that the mortgagor adversely possessed more land than it described in the mortgage. Defendants' argument appears to be based on the fact that the mortgage referred only to 238 acres while their tax deed referred to 308 acres. Of course, the mortgage uses the words "more or less". Moreover, the sloppiness and difficulty in handling real estate descriptions connected with this land are well known. But, in any event, defendants insist that the 70-acre discrepancy represents lands at the northern end of the Island not covered by any prior deed to the mortgagor. Does the acre reference or the boundary and general description control?
The mortgage description embraced not only all of Fenwick Island in Delaware but it also contained boundary descriptions. Defendants do not challenge either such reference. Consequently those descriptions control over the loose acreage reference. Compare Doyle v. Mellen, 15 R.I. 523, 8 A. 709; 6 Thompson on Real Property, (perm. ed.), §§ 3294, 4664.
Under the aforementioned law when the mortgagor's adverse possession title ripened, such land was thereafter subject to the mortgage and the later foreclosure proceedings. It follows that defendants have no claim to either of such tracts on the basis of their tax deed title. Plaintiffs are therefore entitled to have this cloud removed from their titles.
Present order on notice.